Electric Supply Corporation, Plaintiff-Appellee, v. Lee J. Meyrick, Defendant-Appellant.

Gen. No. 45,811.

Opinion filed February 11, 1953. Released for publication February 26, 1953.

DONALD R. JONES, of Chicago, for appellant; FRANK T. JORDAN, of Chicago, of counsel.

MILLS & MILLS, of Chicago, for appellee; JOHN WALCUTT MILLS, of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is an action by an employer to recover a refund of the difference between the amount drawn and the amount earned by a salesman, and for the balance due on the sale of a television set. The court without a jury found for plaintiff and entered judgment accordingly for $1,043. Defendant has appealed.

Defendant was plaintiff's salesman beginning July 22, 1947 under a verbal agreement which gave him a monthly drawing account of $300 against commissions earned. During the period from January 1, 1950 to July 1, 1950 defendant drew $2,380.80 against earned commissions of $1,409.27. The difference of $971.53 is the refund claimed under Count I of plaintiff's amended statement of claim.

The original statement of claim failed to allege defendant's obligation to refund the amount of the difference between drawings and commissions. Defendant moved to strike Count I for this reason. He contends he was prejudiced because on the basis of his motion and supporting brief, plaintiff amended supplying the deficiency. There is no merit in defendant's contention. A purpose of the motion to strike is to point out defects in pleading which the pleader may correct.

The issue of fact made by the pleadings under Count I was whether the defendant agreed to refund the excess of the amount drawn over commissions earned.

The general rule is that where a salesman's contract with his employer provides for a drawing ac-

count to be charged against his commissions earned, the salesman is not required to refund the excess drawn unless it is expressly agreed that he do so. *Felsenthal Bros. & Co. v. Gradwohl*, 217 Ill. App. 170.

The first question on appeal is whether the record contains any evidence of each element of an express contract taking this case out of the general rule.

The testimony favorable to plaintiff and the legal inferences therefrom show that in January 1950 plaintiff sought to withhold as a reserve part of the balance, over amounts drawn by defendant, of commissions earned in 1949; that the defendant demanded the balance in full; that plaintiff then stated that the 1950 drawing account arrangement would be changed to permit plaintiff to recover the excess of amounts drawn over commissions earned; and that defendant agreed to refund the excess. We think this proves *prima facie* the elements of the contract.

We disagree with defendant that the proof is too vague and indefinite, taking the testimony for plaintiff as true, to make the necessary showing. We think the testimony shows the previous employment contract was to continue in 1950 changed only by the express contract to refund to plaintiff the excess drawn by defendant against the earned commissions.

Plaintiff's brief states that the release of the 1949 commissions due defendant was consideration for the refund contract. We need not decide whether the release would be good consideration. The record is plain that the consideration for the refund agreement was plaintiff's employment of defendant.

The next question is whether the finding for plaintiff is against the manifest weight of the evidence. Plaintiff's secretary-treasurer corroborated the testimony of the company's president with respect to the 1950 employment contract. Defendant denies that he agreed to make the refunds. It is true that no demand

was made on him for refund until after he resigned in July 1950. This seems reasonable. He was entitled to credit for commissions earned. He could have earned a credit balance in the last month of his employment. The trial judge presumably believed the testimony for the plaintiff. It has not been made clear to us that he should have done otherwise.

■ The same is true regarding the $70 claim for the balance due on the television set. The finding that that sum was owed is not against the manifest weight of the evidence, and there was no showing nor offer of proof made which would compel a finding that the $70 should have been deducted from any amount due defendant.

■ Finally, there is a claim of error in the conduct of the trial. The record does not show prejudicial error, at the trial, which requires reversal.

The judgment is affirmed.

*Affirmed.*

LEWE, P. J. and FEINBERG, J., concur.