J. M. Phelan, et al., Partners d/b/a A. T. Kearney & Company, a Partnership, Plaintiffs-Appellees, v. George L. Wright, Defendant-Appellant.

Gen. No. 49,858.

First District, First Division.

December 14, 1964.

Norville, Walsh & Case, of Chicago (Robert O. Case, Richard J. Walsh, and Robert N. Caffarelli, of counsel), for appellant.

Chadwell, Keck, Kayser, Ruggles & McLaren, of Chicago (Rudy L. Ruggles, James E. Hastings, Richard E. Wiley and David L. Aufderstrasse, of counsel), for appellees.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an interlocutory appeal by defendant from a temporary injunction order, which restrains defendant from engaging in management engineering or any service competitive with plaintiffs within 150 miles of Chicago. Defendant contends error, because "the injunction was issued without notice, without a hearing and upon a record which contained merely an unverified complaint and no other sworn pleadings, affidavits or other competent evidence."

On April 2, 1964, plaintiffs filed their unverified complaint for an injunction, alleging that defendant was in violation since December, 1963, of noncompetitive provisions of a partnership agreement, to which defendant was a party. Paragraph 8 of the complaint alleged "defendant's past violations and continuing violations of the aforesaid agreement are causing and will continue to cause plaintiffs irreparable damage, in that defendant, through his knowledge of the clients, business, and methods of the partnership A. T.

Kearney & Company, is in a position to divert business of A. T. Kearney & Company to defendant's present firm, all in violation of the aforesaid agreement. Plaintiffs have no adequate remedy at law, and damages alone would be inadequate to remedy the irreparable injury being done to plaintiffs."

On April 20, 1964, defendant was served with summons, and on June 9, 1964, he filed his motion to dismiss the complaint. The motion to dismiss was heard on July 13, 1964, after several continuances, granted on defendant's motion. After hearing arguments of counsel on the motion to dismiss, the court entered an order on July 14, 1964, which denied the motion to dismiss and ordered that the temporary injunction issue. Defendant appeals from the injunction order.

Defendant contends that he came prepared for and did argue a motion to dismiss, and he did not argue the matter of a temporary injunction; that he was not given an opportunity nor was he prepared to argue the question of a temporary injunction, and, in fact, "there was no hearing on the matter of issuing the temporary injunction," and "it was also issued without any evidence to support it. The complaint is unverified. At the time the injunction was ordered to issue there were no verified pleadings in the record, no affidavits had been filed, nor was an answer due or on file."

Defendant's points are: (1) The validity of a temporary injunction must be determined upon the record as it was at the time the order was entered; (2) a temporary injunction shall not issue without notice, except under extraordinary circumstances; (3) it was error to order the temporary injunction to issue without allowing the defendant to be heard; and (4) a temporary injunction issued only upon an unverified complaint, and no other sufficient evidence, must be dissolved.

■ Plaintiffs concede that "a temporary injunction must stand or fall on the record which existed at the time of its entry"; that the complaint was unverified; and that the hearing was held on the merits of defendant's motion to dismiss the complaint. Plaintiffs assert that they *did not* seek and *did not* obtain an ex parte order. Defendant's counsel was present in court and made a full argument directed against the complaint. He was present in court when the chancellor announced he was upholding the complaint and would enter a temporary injunction. The complaint remained undenied at the time of the entry of the order although defendant had had over two months to respond. Moreover, defendant's motion admitted the well pleaded allegations of the complaint," and for the purposes of the hearing on July 13, 1964, "verification of the complaint was unnecessary and immaterial."

■ Of defendant's contentions, we believe lack of verification of the complaint is determinative. Although it is well settled that the granting of a temporary injunction rests largely in the discretion of the trial court, and it is not controlled by technical legal rules (Weingart v. Weingart, 23 Ill App2d 154, 161 NE2d 714 (1959)), our courts of review have repeatedly emphasized the need for great caution in granting orders for injunction. Where a preliminary injunction is based upon the face of the complaint, "the facts relied upon to establish such right must be alleged positively and with certainty and precision. . . . Allegations verified on information and belief are insufficient to support an injunction order." (Hope v. Hope, 350 Ill App 190, 194, 112 NE2d 495 (1953).) "It is indispensable to the right to temporary injunction that all material facts alleged be properly verified by affidavit. Where a preliminary injunction is applied for on the face of the complaint,

181

the complaint must be verified." (21 ILP § 122, p 617.) See, also, 43 CJS, Injunctions, § 187, p 879; Haxton v. Haxton, 333 Ill App 223, 77 NE2d 57 (1948).

As to verification being a basic requirement, plaintiffs argue "there is no statutory requirement that a complaint be verified in order to justify a temporary injunction. Section 3 of the Injunction Act (Ill Rev Stats, c 69, § 3) makes no such requirement with the possible exception of ex parte injunctions. The cases relied upon by plaintiff involve either ex parte injunctions, where defendant had no opportunity to make a defense or cases in which defendant had an answer on file. None of those factors are present here."

 Cases cited by plaintiffs to show that verification of the instant complaint "was unnecessary and immaterial" to support the issuance of the instant temporary injunction, because "defendant admitted the verity of his allegations" by his motion to dismiss the complaint, are Decker v. West, 273 Ill App 532 (1934); Fowler v. Fowler, 204 Ill 82, 68 NE 414 (1903); Sharples v. Baker, 100 Ill App 108 (1902), including Keach v. Hamilton, 84 Ill App 413 (1899), where it is said (p 416):

> "By demurring to the bill [defendant] admitted the facts, and it thereby was not important whether any affidavit was attached to the bill or not. Where is the necessity or use of verification of the facts by oath or affirmation, when such facts have been admitted by the adverse party upon the records of the court?"

We are not persuaded that when the court denied defendant's motion to dismiss, absent any other simultaneous action or pleading by defendant, that defendant's denied motion to dismiss could be considered as admitting the "verity" of the allegations of

182

the complaint, including the averment that "by or through defendant's knowledge of the clients, business and methods of plaintiffs' business, he was and continues to be in a position to divert business from plaintiffs." As said in Villareal v. Trevino, 30 Ill App2d 77, 173 NE2d 582 (1961), at p 83:

> "A motion to strike a pleading for want of sufficiency admits the facts averred for the purpose of the motion and no more. Plaintiffs would have us treat it as if it were a judicial admission, binding throughout the case. All such a motion does is to assert hypothetically that if all the facts set forth in the complaint are accepted as true, they still do not state a cause of action."

We hold the denied motion to dismiss did not dispose of the fundamental requirement of verification (or amount to a waiver). Therefore, examining the instant record in the light of the foregoing, we conclude that justice and equity require us to find it was an abuse of discretion to issue a temporary injunction on an unverified complaint, which was not supported by a verified petition or affidavit. Considering the view we take of this case, it is unnecessary to consider the other points raised.

For the reasons given, that part of the order granting the injunction is reversed.

Reversed in part.

BURMAN and KLUCZYNSKI, JJ., concur.