Martha L. Compton and Forrest C. Leoty, Plaintiffs-Appellees, v. Paul K. Harding Realty Co., a Corporation, and Paul K. Harding and Marguerite Harding, Defendants-Appellants.

Gen. No. 67–47.

Fifth District.

October 24, 1967.

Henry A. Schwarz, of O'Fallon, for appellant.

D. W. Costello, of Belleville, for appellees.

EBERSPACHER, J.

This is an appeal from an interlocutory order entered on the 6th day of April, 1967, denying a motion to vacate and dissolve a temporary injunction previously entered on the 16th day of January 1967.

The action was brought by the plaintiffs, Martha L. Compton and Forrest C. Leoty by a complaint filed September 2, 1966. Paul K. Harding, Marguerite Harding and Paul K. Harding Realty Co., a corporation, were named as defendants. The verified complaint alleged that in May of 1962 the individual plaintiffs and defendants entered into an agreement to form a corporation to be known as the Paul K. Harding Realty Co. at a capitalization of $1,900 divided into 190 shares with the plaintiffs taking 90 shares and the individual defendants taking 100 shares. It was further agreed that each of the parties would deposit $75 for each share of stock owned to be carried as a loan account; that the defendant Paul K. Harding would be employed as manager at a salary of $100 per week until the business showed a profit at which time his salary would be increased to $175 per week; that the profits of the corporation were to be divided pursuant to a scheme set forth in the agreement. The complaint continues by alleging that the defendant corporation was incorporated

pursuant to said agreement and that since incorporation defendant, Paul K. Harding, has controlled and directed the defendant corporation without knowledge or consent of the plaintiffs; that there has been no notice of meetings of the stockholders or directors; that the plaintiffs have no knowledge of any meetings of the stockholders or directors; that between the dates May 9, 1962, and April 30, 1966, the defendant corporation has paid the defendant, Paul K. Harding, a salary totalling $52,133.06, far in excess of the aforesaid agreement; that the defendant, Paul K. Harding, has placed numerous relatives on the defendant corporation payroll who are not qualified to do the work; and that the corporation has incurred an indebtedness exceeding $235,000. The last four paragraphs of the complaint allege that the defendants, Paul K. Harding and Marguerite Harding, have conspired to take over the defendant corporation to the exclusion of the plaintiffs and will succeed unless prevented by intervention of the court; that if the individual defendants continue to control the defendant corporation the plaintiffs will be prejudiced and their capital stock will be greatly reduced in value; that it is the intention of the defendants to repudiate the aforesaid agreement and procure control of the defendant corporation to the detriment of the plaintiffs; and that unless a receiver is appointed to conduct the business of the defendant corporation and the individual defendants are enjoined from holding director meetings and conducting the affairs of the defendant corporation that the "conduct (of the defendants) will wreck the affairs of the defendant corporation, to the great damage of plaintiffs . . ."

The relief sought in the prayer was as follows:

a. a temporary injunction restraining the individual defendants from exercising any authority over the defendant corporation.

b. a receiver be appointed to take charge of the affairs of the defendant corporation.

c. an accounting.

d. that the individual defendants be enjoined from transferring any of the assets of the defendant corporation and

e. that the defendant corporation be dissolved.

The complaint was verified by one of the plaintiffs.

On October 5, 1966, the defendants filed their answer which also contained affirmative defenses. The answer admitted the allegations pertaining to the contents of the agreement and the incorporation of the defendant corporation but denied the material allegations of the complaint. The affirmative defense alleged that the indebtedness of the defendant corporation was the result of a real estate mortgage on properties owned by the corporation in which the defendant, Paul K. Harding, personally signed as guarantor and that a temporary injunction causing cessation of corporate business would cause irreparable damage to the defendant, Paul K. Harding, by reason of foreclosure proceedings and actions against him personally for deficiencies.

On October 19, 1966, the plaintiffs filed a motion to strike the answer and affirmative defenses for failure to comply with Supreme Court Rules in regard to service of pleadings. It appears from the record that there has been no ruling upon this motion.

Thereafter, on December 7, 1966, plaintiffs filed a motion for temporary injunction and for the appointment of a receiver. The motion was without notice to the defendants.

On January 16, 1967, the court entered an order for the issuance of an injunction enjoining the individual defendants from exercising authority over the defendant corporation and from transferring any of its assets and from holding any shareholder meetings. The order fur-

ther recited that the injunction writ be issued without bond, and that it be issued immediately and without notice.

On February 24, 1967, the defendants filed a motion to vacate the temporary injunction. The motion alleged failure of notice, failure to post bond, irreparable damage to the defendants by the issuance of the temporary injunction, that the temporary injunction was not justified in light of all the pleadings and that a temporary injunction enjoining the continuation of corporate business would not preserve the status quo. The order denying this motion was not entered until the 6th day of April, 1967.

These pleadings constitute the entire record. The court heard no testimony. This appeal was perfected by the defendants and submitted to us on the brief and abstract of the defendants. The plaintiffs have not filed a brief.

■■■ Ordinarily, a court will issue a temporary injunction where it appears that irreparable harm might be done in the event that the status quo is not maintained pending the disposition of a lawsuit. It is generally employed only in matters of emergency and then only with considerable caution by the trial court. Triangle Sign Co. v. Randolph & State Property, Inc., 16 Ill App2d 21, 29, 30, 147 NE2d 451 (1958). The application for a temporary injunction must specify the facts that require the unusual relief sought. Phelan v. Wright, 54 Ill App2d 178, 181, 203 NE2d 587 (1964); Hope v. Hope, 350 Ill App 190, 194, 112 NE2d 495 (1953). It must allege that irreparable harm will result if the status quo is impaired. McFetridge v. First Commercial Bank, 28 Ill App2d 512, 524, 171 NE2d 791 (1961). The application should be verified. Phelan v. Wright, supra; County of DuPage v. Robinette, 77 Ill App2d 167, 170, 221 NE2d 769 (1966).

■■■ In addition to these requirements, the Injunction Act, chapter 69, Ill Rev Stats 1965, provides that a bond

be given before an injunction may issue upon such penalty, conditions and securities as required by the court. A bond may not be required where, for good cause shown, the court is of the opinion that the injunction ought to be granted without bond. However, it is necessary that the excuse of the bond for good cause be justified by facts evident in the record. Town of Cicero v. Weilander, 35 Ill App2d 456, 469, 183 NE2d 40 (1962); Grossman v. Grossman, 304 Ill App 507, 513, 26 NE2d 678 (1940); County of DuPage v. Robinette, supra.

█ In the instant case no facts were presented to indicate that an emergency existed or that irreparable harm would result if an injunction did not issue. All of the material allegations contained in the complaint were controverted by the answer filed by the defendants. Moreover the affirmative defense filed by defendants alleged that the defendant, Paul K. Harding, would suffer irreparable harm if the injunction were to issue. It is difficult for us to perceive how the court could resolve this controversy upon the pleadings alone. Certainly testimony is required under such circumstances. It is not the purpose of a temporary injunction to decide controverted facts or the merits of the case. Lonergan v. Crucible Steel Co. of America, 37 Ill2d 599, 229 NE2d 536; H. K. H. Development Corp. v. Metropolitan Sanitary Dist., 47 Ill App2d 46, 196 NE2d 494.

At no place in the complaint nor in the motion for temporary injunction is there a request for the issuance of the injunction without bond. Although the order for temporary injunction does state that good cause is shown for the issuance of the writ without bond there is nothing in the present state of the pleadings to justify such a finding.

Also in the case at bar the temporary injunction was issued without notice to the defendants. Commenting

on such procedure the court in Miollis v. Schneider, 77 Ill App2d 420, 222 NE2d 715 (1966) stated as follows:

"The Law does not favor granting injunctions without notice and, since injunction is an extraordinary remedy, an injunction without notice is most drastic and should only issue under extreme circumstances. Streamwood Home Builders, Inc. v. Brolin, 25 Ill App2d 39, 43, 165 NE2d 531 (1960); Kelrick v. Koplin, 19 Ill App2d 301, 153 NE2d 481 (1958). In Streamwood, supra, in considering, the situations in which temporary injunction may properly issue without notice, the court stated at pages 43 and 44:

" '. . . The circumstances countenanced by the courts have been in very restricted areas, such as where the facts of the case, or the history of the parties, disclosed that the giving of notice would result in accelerating the very act sought to be enjoined, or where the act to be enjoined was either taking place or would be undertaken or completed in the time required for notice. A. Daigger & Co. v. Kraft, 281 Ill App 548; Mitchell v. Mitchell, 10 Ill App2d 437; Atkinson Trust & Sav. Bank v. DeRoo, 332 Ill App 251; 21 ILP, Injunctions, Sec 123, et seq.

" 'Notice to an adversary is elemental in our system of justice. Our courts of review have insisted upon chancery courts scrupulously observing the fundamental right of a party to be informed of the injunction proposed against him so that he may be present, if he wishes, to defend himself. Skarpinski v. Veterans of Foreign Wars of United States, 343 Ill App 271; Goldberg v. Laughlin, 137 Ill App 283.'

"The primary purpose of notice of application for temporary injunction is to afford a defendant an opportunity to show that an injunction should not issue. Hoagland v. Bibb, 12 Ill App2d 298, 300, 139 NE2d 417 (1957) ; Schmidt v. Modern Woodmen of America, 261 Ill App 276, 283 (1931). 'To test the necessity for issuance of an interlocutory injunction without notice, the court must ask whether, in the time required to procure the defendant's appearance, the defendant could and would do that which would seriously obstruct the power of the court to deal justly and effectively with the issue in dispute. An interlocutory injunction must stand or fall on the pleadings as they existed at the time the order was entered.' Schaefer v. Stephens-Adamson Mfg. Co., 21 ILP, Injunctions § 124."

In the case at bar, the court entered the order granting the writ after the defendants had appeared and filed their answer. We also note that the complaint was filed September 2, 1966, and the motion for temporary injunction was not filed until December 7, 1966, and granted on January 16, 1967. There is nothing in the record to indicate a change of position during the period. As far as the record is concerned the only thing that transpired during this period is that the defendants filed their answer on October 9, 1966, and the plaintiffs filed a motion to strike the answer on December 7, 1966. There has been no ruling on the motion to strike and, as stated before, the answer denies the material allegations of the complaint and includes an affirmative defense containing an allegation that the issuance of a temporary injunction which caused cessation of the corporate business would cause irreparable damage to the defendant, Paul K. Harding.

■ Under these circumstances, we must hold that the temporary injunction of January 16, 1967, was im-

providently issued. The order directing the issuance of the temporary injunction is reversed and the cause remanded to the trial court for further proceedings.

Reversed and remanded.

MORAN and GOLDENHERSH, JJ., concur.