Judge Vanderbilt, et al., Plaintiffs-Appellants, v. John
C. Marcin, City Clerk of the City of Chicago, and
Board of Election Commissioners of the City of
Chicago, Defendants-Appellees.

Gen. No. 54,504.

First District, First Division.

June 29, 1970.

Rehearing denied August 3, 1970.

William E. Elston, Jr., of Chicago, for appellants.

Richard L. Curry, Acting Corporation Counsel of the
City of Chicago, of Chicago (Marvin E. Aspen and Gayle
F. Haglund, Assistant Corporation Counsel, of counsel),
for appellees.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an action brought to contest the validity of a local option election. Plaintiffs appeal from an order which struck and dismissed plaintiffs' amended complaint and dismissed the action with prejudice. On appeal the determinative question is whether the amended complaint was sufficient to state a cause of action.

The record shows that pursuant to the Liquor Control Act (Ill Rev Stats 1967, c 43, § 167 et seq.), at a general election held on November 5, 1968, the following proposition was submitted to the voters of the 8th Ward, 96th precinct:

> "Shall the sale at retail of Alcoholic Liquor containing more than 4% of alcohol by weight except in the original package and not for consumption on the premises be prohibited in this 96th precinct of the 8th Ward of the City of Chicago?"

The results of the election were proclaimed by the defendant Board of Election Commissioners to be 222 Yes and 80 No.

On December 5, 1968, plaintiffs, registered voters in the precinct in question, filed a "Complaint to Contest a Local Option Election." Subsequently, the complaint was stricken, and plaintiffs were allowed to file an amended complaint, which was also stricken, as previously noted.

Summarized, the amended complaint alleged that the election was "void and defective" for the following reasons: (A) The polls were not opened nor closed as required by statute, and many voters were unable to vote; (B) the ballot boxes were not opened and exhibited as required by law; (C) throughout the day certain of the election judges were absent from the polling place and

193

did not sign a time sheet; (D) the ballots on the proposition were handed to the voters without the separate Blue Ballot of the Constitutional Convention being placed on top of the other ballots, contrary to law; (E) that the judges of election failed to cause the arrest of proponents of the proposition who were causing a breach of peace and violation of the election laws; (F) that opponents of the proposition were not afforded a right to be present as challengers or watchers; (G) the judges of election made an incorrect count of the ballots cast in opposition to the proposition and failed to announce a canvass of the ballots cast in regard to the proclamation in question; "(8) That by virtue of the aforementioned violations of the Election Code of the State of Illinois, SHA Chapter 46, paragraph 18, the results of said election were materially affected so as to substantially alter the outcome of the balloting on the proposition in question and so as to render the election at the polling places in question to be void"; and "(9) That many of the voters who would have voted against the proposition were intentionally and fraudulently not given the proposition ballots on November 5, 1968; and the ballots were fraudulently and improperly counted and an incorrect figure recorded on the official canvass sheet; and the ballots were fraudulently counted as 'yes' votes which were defectively marked as 'no' votes; and had these irregularities not taken place, the election would have resulted in the defeat of said proposition."

Plaintiffs contend that the amended complaint was legally sufficient because the provisions of the Election Code which they alleged were violated were mandatory, but even if these provisions were directory, "the general and apparent wholesale disregard of a multitude of directory provisions would seem to cast such a cloud upon the election to at least require the respondents to provide the court with a reply to the charges." They

note that "to allow defendants to merely allege that such facts and allegations are directory and have no bearing on the outcome of the election affords a catch-all behind which any election board or group of partisans might hide in the conduct of any election." Authorities include People ex rel. Milburn v. Huston, 267 Ill App 395 (1932); People v. Heilman, 263 Ill App 514 (1931); and Zbinden v. Bond County School Dist., 2 Ill2d 232, 117 NE2d 765 (1954), where it is stated (p 236):

> "We have said that it would be a dangerous rule to establish that election officials may disregard the plain provisions of the statute, and thereby defeat the intention of the law to prevent frauds from being committed and detected. . . . On the other hand, the courts must consider the primary purpose of laws such as those under consideration, i. e., the obtaining of fair elections and honest returns, as paramount in importance to the formal steps prescribed to reach that end."

Plaintiffs further contend that "in election contests the allegations of invalidity need not be spelled out precisely but may be generally stated." They argue that the nature of the right to contest election results requires that the averments contained in the complaint be general in nature because many of the allegations do not result from first-hand knowledge. Authorities include Farrell v. Heiberg, 262 Ill 407, 104 NE 835 (1914), where the court stated (p 410):

> "The statute should have a reasonable construction in order to accomplish the purpose intended. To hold that a petition to contest an election should only contain such statements as were within the contestant's own personal knowledge would be impracticable, since from the very nature of the proceeding the contestant must rely largely on in-

formation obtained from others, and as to such information the contestant could only make oath that he believed the statements to be true."

Plaintiffs further argue that the allegations set forth in their amended complaint fairly informed the defendants as to the causes for the lack of validity of the election and its results. Authorities include Zahray v. Emricson, 25 Ill2d 121, 182 NE2d 756 (1962), where the court stated (p 124):

"And while the pleadings in contest proceedings are not required to comply with the strict technical rules applicable in civil actions, there should be such strictness as will prevent the setting aside of the acts of sworn officials without adequate and well defined cause."

Defendants contend that the amended complaint was legally insufficient because "a pleading which merely paraphrases the law as though to say that the pleader's case will meet the legal requirements without stating the facts" is insufficient. Authorities include Electric Supply Corp. v. Meyrick, 349 Ill App 383, 110 NE2d 525 (1953), and Richardson v. Eichhorn, 18 Ill App2d 273, 151 NE2d 819 (1958).

Defendants further assert that the provisions of the Election Code that were allegedly violated were directory in nature only, and "the failure to strictly comply, in the absence of fraud or a showing that the merits of the election were affected thereby, is not fatal." Authorities cited include People ex rel. Meyer v. Kerner, 35 Ill2d 33, 39, 219 NE2d 617 (1966), and Gann v. Harrisburg Community Unit School Dist., 73 Ill App2d 103, 218 NE2d 833 (1966).

We believe the pertinent authorities which set forth the guidelines to be used here include People v. Sackett, 351 Ill 363, 184 NE 646 (1933); Zahray v. Emricson,

196

25 Ill2d 121, 182 NE2d 756 (1962); and People ex rel. Earley v. Bierman, 249 Ill App 217 (1928). In People v. Sackett, the court stated (p 377):

> "A statute governing the opening and closing hours of the polls is directory, and a deviation from its terms does not vitiate an election unless it is shown that it was fraudulently done or unless the statute in express terms makes the hours of opening and closing the polls essential to a valid election."

In Zahray v. Emricson, the court stated (p 124):

> "The amended petition in this case falls far short of affording a basis for the contest sought. It neither alleges that the irregularities complained of changed the result of the election, nor does it allege facts which show that the irregularities would have such a result, and which if proved would render it the duty of the court to declare a defeated candidate elected. . . . In the absence of an allegation that the results of the election were changed by the the alleged irregularities, or facts showing such a result, the petition assumes the proportions of an exploratory process to which neither our courts nor election officials should be subjected."

In People v. Bierman, the court stated (p 220):

> "Generally, mere technical statutory duties relating to elections will, after the election, be held to be directory only and a failure to comply therewith will not invalidate the election if such failure does not affect the fairness or merits thereof, nor obstruct nor prevent a free and intelligent vote of the people and ascertainment of the result."

██ ██ Examining the record in the light of the foregoing guidelines, we find that the provisions of the Election Code which were alleged to have been violated were

197

directory. We agree with defendants that there were no allegations in the amended complaint that the alleged violations affected the validity of the election; that no facts were alleged to support a conclusion that the alleged situations existed; and that no fraud was alleged or facts set forth from which fraud could be inferred or implied. We conclude that the plaintiffs' amended complaint was properly dismissed with prejudice.

In view of our conclusions, it is unnecessary for this court to consider or determine other issues asserted, including the motion taken with the case.

For the reasons given, the order appealed from is affirmed.

Affirmed.

BURMAN, P. J. and ADESKO, J., concur.