WILLIAM MAAS, Plaintiff-Appellant, *v.* COHEN ASSOCIATES, INC., *et al.*, Defendants-Appellees.

First District (4th Division)   No. 82—1486

Opinion filed February 3, 1983.

Richard E. Steck, of Chicago, for appellant.

Cantwell, Smith & Van Daele, of Chicago (Stephen E. Smith and Andrew V. DePaul, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, William Maas, filed a complaint on May 13, 1982, in the chancery division of the circuit court of Cook County against defendants, David Cohen and Cohen & Associates, Inc., seeking injunctive and other equitable relief as well as damages. Maas then filed an emergency motion for the issuance of a temporary restraining order and a preliminary injunction, and Cohen responded by moving to strike the motion for an injunction. Following a hearing, the trial court granted Cohen's motion to strike the request for injunctive relief, denied Maas' motion for the issuance of an injunction, and granted Maas 28 days to amend his complaint. Maas instead perfected this appeal, claiming that the trial court erred by (1) granting defendants' motion to strike and thereby denying his request for an injunction, and (2) refusing to hear testimony from witnesses to support the motion for an injunction.

We affirm the decision of the trial court.

BACKGROUND

William Maas, an independent contractor, formerly worked for Cohen & Associates, Inc., a corporate real estate and business broker specializing in the sale of taverns, restaurants, and other businesses.

In return for Maas' services in procuring listings and finding buyers for various businesses, David Cohen, president and sole stockholder of Cohen & Associates, orally contracted to pay Maas a specified percentage of the commissions earned on consummated sales. Under a second oral contract, Maas was promised and received a separate percentage of all listing fees he generated for the corporation.

After Maas and Cohen had operated under these agreements for 1½ years, the corporation ceased doing business, and Cohen began working for another real estate and business broker. Although Maas subsequently received some of his share of the commissions from sales completed prior to the corporation's closing, he did not receive commissions from two of his listings that resulted in sales after Cohen & Associates closed its office; further, Maas knew two other listings were expected to result in closings in the near future. Following an alleged report by Cohen to Maas' wife falsely stating that negotiations on one of the future closings had ceased, Maas filed suit. In addition to the injunction, declaratory judgment, and accounting requested, the complaint prayed for an order directing Cohen to pay Maas not only the commissions due and owing but also damages and attorney fees.

One week later, Maas filed an emergency motion and affidavit asking the court to restrain Cohen from collecting or disbursing any money to be collected on the sales of Castle Wine & Spirits and Don's Fishmarket, the two businesses for which Maas had obtained the listings and found buyers and which were to be sold imminently. Maas maintained he had an inadequate remedy at law and would suffer irreparable injury if the injunction did not issue immediately because he believed Cohen & Associates to be insolvent and Cohen himself so pressed by debts that he would spend Maas' share of the commissions before Maas could claim them. Cohen responded by filing a general appearance and a motion to strike Maas' motion for a preliminary injunction, apparently under the authority of section 45 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 45, now codified as Ill. Rev. Stat. 1981, ch. 110, par. 2—615), although that statutory designation was not specifically mentioned before this appeal.

At the hearing on the motion to strike, Maas argued that Cohen's repeated practice of retiring numerous personal debts by using personal and corporate funds interchangeably, the corporation's apparent undercapitalization and failure to file its annual report, the sudden closing of the business offices, and Cohen's alleged attempt to defraud Maas of his share of commissions all proved Cohen's inability to respond in damages. Maas, therefore, claimed that he had no adequate

remedy at law and would suffer irreparable injury. Maas concluded his argument by offering witnesses to substantiate further his allegations that Cohen had been dilatory in paying commissions in the past and that he had attempted to defraud Maas of commissions earned.

In response, Cohen argued that Maas had not satisfied any of the requirements for an injunction, namely, showing a protectible property right, irreparable injury, inadequate remedy at law, and likelihood of success on the merits. Further, Cohen denied each of Maas' allegations and pointed out that the facts set out in Maas' affidavit were inadequate to establish any right to equitable relief.

At the conclusion of Cohen's argument, the trial judge stated that although he was not reluctant to hear testimony from the witnesses, he was prevented from doing so because "the only time the Court is allowed to hear evidence is when the parties are at issue. The parties clearly are not at issue at this point." The trial judge thereupon granted Cohen's motion to strike and denied Maas' motion for an injunction.

In addition, instead of following Cohen's suggestion that because Maas' claim amounted to only $14,000 the case should be transferred to the municipal department of the law division, the trial court declared that it would retain the case in chancery and granted Maas 28 days to amend his complaint. Instead, Maas appealed, claiming that he had been given leave to amend his complaint only to allege a higher monetary value, not to amend his motion or pleadings in general. Because "[a] purpose of the motion to strike is to point out defects in pleading which the pleader may correct" (*Electric Supply Corp. v. Meyrick* (1953), 349 Ill. App. 383, 385, 110 N.E.2d 525, 526), we do not agree with Maas' interpretation of the trial court's closing remarks. We therefore regard this appeal as expressing substantive disagreement with the trial court's disposition of the case, not, as Maas apparently would have us believe, as a procedural appeal taken only because permission to amend the pleadings was not granted.

OPINION

I

It is clear to us from the outset that some of the controversy in this appeal arises not from conflict over legal issues but rather from the parties' aberrant labeling of the various actions. Maas' complaint as originally filed included a request for an injunction to prevent Cohen from collecting or disbursing commissions earned by the real estate brokerage corporation from the sales of two businesses, Castle

Wine & Spirits and Don's Fishmarket. One week later, Maas refiled the same request for an injunction, this time labeled a motion, and attached the requisite affidavit amplifying the facts previously set out in the original complaint. Although the motion more specifically alleged irreparable injury and inadequate remedy at law, the original complaint had included an assertion that because both Cohen and Cohen & Associates were insolvent, Maas' loss of compensation was irreparable and his remedy at law inadequate.

■ When Cohen filed his motion to strike Maas' motion, he was forcing the case into a posture unanticipated by the various provisions in the Civil Practice Act authorizing motions to strike or dismiss. (Ill. Rev. Stat. 1981, ch. 110, pars. 45, 48, now codified as Ill. Rev. Stat. 1981, ch. 110, pars. 2—615, 2—619.) Those motions are designated by statute as means to attack the sufficiency of the pleadings themselves and are intended to be distinct alternatives to an answering pleading. Maas' extracting one portion from his original pleading, labeling it a motion, and then arguing that Cohen's motion to strike or dismiss cannot be used to attack a motion constitute a clear attempt to use form to attack substance. Accordingly, we will follow the maxim that equity, which looks through form to substance, "does not look to the technical niceties of procedure but is concerned with ultimate consequences." (*Detroit Steel Products Co. v. Hudes* (1958), 17 Ill. App. 2d 514, 521, 151 N.E.2d 136, 139.) We therefore will regard Cohen's motion to strike to be a section 45 motion to strike or dismiss those portions of Maas' original pleading that requested injunctive relief and simply were repeated in the subsequent emergency motion.

■ After reviewing the case as accurately realigned, it is clear to us that the trial court was correct in granting Cohen's motion to strike and denying Maas' request for an injunction because Maas has failed in two ways to meet the jurisdictional requirements of a court of equity. First, as stated in Cohen's motion to strike, Maas has failed to state a cause of action upon which equitable relief could be granted. "To obtain a preliminary injunction, plaintiff must establish that (1) [he] possesses a protectible right; (2) there will be irreparable injury if the injunctive relief is not granted; (3) the remedy at law is inadequate; and (4) there is a likelihood that plaintiff will succeed on the merits. [Citation.] Injunctive relief is such an extraordinary remedy that plaintiff must plead facts which clearly establish that the remedy is necessary. [Citation.] Allegations of mere opinion, conclusion, or belief are not sufficient to show a need for injunctive relief." (*Allstate Amusement Co. of Illinois, Inc. v. Pasinato* (1980), 96 Ill. App. 3d 306, 308, 421 N.E.2d 374, 375.) " 'It is indispensable to the

right to temporary injunction that all material facts alleged be properly verified by affidavit.' " (*Phelan v. Wright* (1964), 54 Ill. App. 2d 178, 181, 203 N.E.2d 587, 589.) Although Maas corrected the lack of verification in the original complaint by filing an affidavit with the later motion, " 'allegations verified on information and belief are insufficient to support an injunction order.' " (*Phelan v. Wright* (1964), 54 Ill. App. 2d 178, 181, 203 N.E.2d 587, 589; *Fox v. Fox Valley Trotting Club, Inc.* (1953), 349 Ill. App. 132, 137, 110 N.E.2d 84, 86.) Maas' affidavit, verified only on information and belief rather than personal knowledge, is therefore inadequate to support his request for injunctive relief.

■ Even if we ignore the affidavit's deficiency, however, we find that Maas has failed to establish the necessity for an injunction. "[T]o establish a cause of action for injunctive relief plaintiffs must allege facts necessary to establish that their legal remedy is inadequate and that irreparable injury will result should injunctive relief not be granted." (*Larkin v. Howlett* (1974), 19 Ill. App. 3d 343, 345, 311 N.E.2d 367, 369.) "Moreover, where money damages is an adequate remedy, injunctive relief is not proper." (*Allstate Amusement Co. of Illinois, Inc. v. Pasinato* (1981), 96 Ill. App. 3d 306, 308, 421 N.E.2d 374, 375-76.) The only relief requested by Maas is monetary; his injury, therefore, may be adequately remedied at law in a suit for breach of contract.

Maas argues that even though the sole relief requested is monetary, the injunction requested is appropriate because he believes Cohen and Cohen & Associates to be insolvent and therefore unable to respond in damages. In support, Maas offers his opinion that Cohen & Associates was undercapitalized and his observations that Cohen had many debts and that the corporation both ceased doing business and failed to file its annual report. There is no positive allegation based on personal knowledge that defendants had any debts they could not pay. Further, the corporation's annual report was filed prior to the hearing on the motion to strike. Finally, Maas' conclusion that defendants were insolvent is unsupported by any specific facts and is thus legally insufficient to state a cause of action. Although Maas attempts to excuse the deficiency in his allegation of facts by stating that he lacked access to Cohen's books and records, we note that he never requested discovery of documents pursuant to Supreme Court Rule 214 (73 Ill. 2d R. 214). Cohen's past history of delayed or withheld payments to Maas and misrepresentation of the status of the negotiations concerning the sale of one restaurant may constitute valid complaints in a suit at law, but they do not qualify Maas for injunctive relief.

In a final attempt to overcome the jurisdictional deficiencies of his request for an injunction, Maas cites *Western Auto Supply Co. v. Chalcraft* (1958), 16 Ill. App. 2d 461, 148 N.E.2d 592, and *Rosinia v. Gusmano* (1980), 90 Ill. App. 3d 882, 414 N.E.2d 21, as support for his argument that an injunction may issue to prevent a defendant from collecting or receiving money equitably belonging to the plaintiff or dissipating property consisting mainly of money arguably belonging to plaintiff. We find his reliance to be misplaced. While it is true that Maas too wishes to enjoin defendants from collecting and disbursing money allegedly belonging to him, he does not have the same proprietary right to the funds as did the plaintiffs in the cited cases. In *Western Auto Supply*, the plaintiff sought to enjoin the defendant from reselling commercial paper he already had sold to the plaintiff and from converting to his own use amounts collected on the securities and held as trust receipts for the plaintiff. In *Rosinia*, the defendants were disbursing the property in an estate fraudulently transferred from the plaintiff. In contrast, Maas can demonstrate no right to a finite body of property; all he has is an arguable right to compensation pursuant to two oral contracts, a right he can pursue adequately in a court of law.

## II

Maas' second contention is that the trial judge improperly refused to hear testimony from Maas' proffered witnesses under the mistaken impression that he had no discretion to do so. Had he heard the witnesses, Maas argues that the lack of supporting fact in his affidavit would have been corrected and the propriety of injunctive relief thereby established. We find that Maas is incorrect in his belief that the trial judge had discretion to hear witnesses and thus committed reversible error by refusing to exercise it under the mistaken belief that he lacked authority to do so. On the contrary, the trial judge correctly determined that he had no such discretion.

At a hearing on an application for a preliminary injunction, the trial court may rule on the application based on the pleading and any evidence heard. (*O'Brien v. Matual* (1957), 14 Ill. App. 2d 173, 144 N.E.2d 446.) However, the conduct at a hearing on a motion to dismiss is regulated partly by the designation of the particular motion at issue. Unlike a motion made under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 48, now codified as Ill. Rev. Stat. 1981, ch. 110, par. 2—619), the determination of a section 45 motion to strike or dismiss (Ill. Rev. Stat. 1981, ch. 110, par. 45, now amended as Ill. Rev. Stat. 1981, ch. 110, par. 2—615) is made by con-

sidering only the facts alleged in the pleading. (30 Ill. L. & Prac. *Pleading* sec. 193 (1957).) Although affidavits and therefore witnesses may be considered under a section 48 motion to dismiss, "[i]t is error *** for a trial court to consider affidavits, depositions, or exhibits when considering a section 45 motion to [strike or] dismiss a complaint for failure to state a cause of action." *Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 131, 359 N.E.2d 171, 173.

For all the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

ROMITI, P.J., and JOHNSON, J., concur.