JOHNNY J. O'NEAL, Plaintiff-Appellant, v. ROBERT SHAW *et al.*, Defendants-Appellees.

First District (3rd Division)  No. 1—91—2612

Opinion filed June 23, 1993.—Rehearing denied August 11, 1993.

TULLY, P.J., dissenting.

Thomas E. Johnson, of Johnson, Schaaf, Jones & Snelling, of Chicago, for appellant.

Michael E. Lavelle and Robert M. Motta, both of Lavelle, Holden & Juneau, Ltd., of Oak Park, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Johnny J. O'Neal, brought this election contest action in the circuit court against defendants Robert Shaw, the Chicago Board of Election Commissioners and the Canvassing Board for the supplementary aldermanic election held on April 2, 1991, seeking a recount of the ballots cast in the supplementary election for the office of alderman from the ninth ward of the City of Chicago (Ninth Ward). Plaintiff subsequently filed a motion for leave to file an amended complaint, but the motion was denied due to plaintiff's failure to comply with statutory notice requirements. Following a hearing on Shaw's motion to strike and dismiss plaintiff's complaint brought pursuant to sections 2—615 and 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—615, 2—619 (now 735 ILCS 5/2—615, 2—619 (West 1992))), the trial court entered an order dismissing plaintiff's complaint as insufficient in law due to lack of required specificity. Thereafter, the trial court denied plaintiff's further motion for leave to file an amended complaint on the grounds that it lacked jurisdiction to consider the matter. We reverse and remand.

Plaintiff and Shaw were candidates for election to the office of alderman from the Ninth Ward in the supplementary aldermanic election held on April 2, 1991. (See Ill. Rev. Stat. 1989, ch. 24, par. 21—26 (now 65 ILCS 20/21—26 (West 1992)).) The Canvassing Board proclamation revealed that Shaw received 4,904 (50.2%) of the ballots cast in the election while plaintiff received 4,864 (49.8%). On April 8, 1991, plaintiff filed a verified election contest complaint in the circuit court alleging that he would have been elected alderman from the Ninth Ward if all correct and lawful ballots cast in the supplementary election were properly counted. Later that day, the trial court entered an *ex parte* order granting plaintiff's emergency motion for leave to file an amended complaint following the completion of a discovery recount. (See Ill. Rev. Stat. 1989, ch. 46, par. 22—9.1 (now 10 ILCS 5/22—9.1 (West 1992)).) Shaw filed a motion to vacate the April 8, 1991, *ex parte* order on the grounds that plaintiff failed to comply with statutory notice requirements. After initially denying the motion, the trial court reconsidered its ruling and entered an order granting Shaw's motion to vacate the April 8, 1991, *ex parte* order.

On May 10, 1991, Shaw filed a motion to strike and dismiss plaintiff's complaint as insufficient in law because certain allegations contained in the complaint did not state with specificity the grounds on which the election was being contested. Following a hearing, the trial

court ruled that plaintiff's complaint was insufficient in law and entered an order dismissing the complaint. Thereafter, plaintiff sought leave to file an amended complaint. The trial court ruled, however, that it lacked jurisdiction to consider the matter after plaintiff's initial complaint was dismissed. This appeal followed.

Plaintiff contends that the trial court erred when it dismissed his complaint as insufficient in law. Section 21—27 of the Revised Cities & Villages Act of 1941 provides in relevant part:

"Any candidate whose name appears on the ballots used in any ward of the city [of Chicago] at any election for alderman, may contest the election of the candidate who appears to be elected from such ward on the face of the returns, *** by filing within 5 days after such election with the Clerk of the Circuit Court of Cook County, a complaint in writing, verified by the candidate making the contest, setting forth the grounds of the contest. *** In case the court shall decide that the complaint is insufficient in law, *** the complaint shall be dismissed." Ill. Rev. Stat. 1989, ch. 24, par. 21—27.

■■ A court having jurisdiction to consider an election contest complaint shall grant a recount where, based on the facts alleged in such complaint, there appears a reasonable likelihood that a recount will change the result of the election. (Ill. Rev. Stat. 1989, ch. 46, par. 23—23.2 (now 10 ILCS 5/23—23.2 (West 1992)).) If the court determines that the complaint is insufficient in law, the mandatory language of the statute requires the court to dismiss the complaint, thus terminating the jurisdiction of the circuit court. See *Young v. Washington* (1984), 127 Ill. App. 3d 1094, 1097, 470 N.E.2d 14, 16.

■■ Plaintiff argues that the well-pled allegations contained in his complaint, if proven, would place a sufficient number of votes in issue to demonstrate a reasonable likelihood that a recount will change the result of the election. When considering the legal sufficiency of an election contest complaint, the court must determine whether the complaint contains specific factual allegations which, if proven, would establish fraud or a violation of the Election Code, the number of ballots affected and the precinct where the ballots were counted, and that the result of the election would have been different had the improper ballots not been counted. (See *In re Contest of the Election for the Offices of Governor & Lieutenant Governor Held at the General Election on November 2, 1982* (1983), 93 Ill. 2d 463, 480, 444 N.E.2d 170, 177; *Ross v. Kozubowski* (1989), 182 Ill. App. 3d 687, 692, 538 N.E.2d 623, 627.) Where fraud is alleged, the complaint must contain

specific facts from which fraud can be inferred or implied. (*Vanderbilt v. Marcin* (1970), 127 Ill. App. 2d 192, 198, 262 N.E.2d 42, 45.) Election contest complaints are to be construed liberally with a view toward doing substantial justice. See *Goree v. Lavelle* (1988), 169 Ill. App. 3d 696, 701, 523 N.E.2d 1078, 1081; *Ross v. Kozubowski* (1989), 182 Ill. App. 3d 687, 692, 538 N.E.2d 623, 627; *Zahray v. Emricson* (1962), 25 Ill. 2d 121, 124, 182 N.E.2d 756, 758; *Armbrust v. Starkey* (1954), 3 Ill. 2d 131, 141, 119 N.E.2d 910, 914-15; *Joyce v. Blankenship* (1948), 399 Ill. 136, 140, 77 N.E.2d 325, 327.

Plaintiff alleges in his complaint that 15 votes should be deducted from Shaw's vote total because at least 15 ballots cast for Shaw were not properly initialed by an election judge. The Election Code provides that only ballots which have been properly initialed by an election judge shall be counted. (Ill. Rev. Stat. 1989, ch. 46, pars. 17—9, 17—16, 24A—10.1, 24A—15.1 (now 10 ILCS 5/17—9, 17—16, 24A—10.1, 24A—15.1 (West 1992)); *Snow v. Natzke* (1986), 140 Ill. App. 3d 367, 369, 488 N.E.2d 1077, 1078; but *cf. Pullen v. Mulligan* (1990), 138 Ill. 2d 21, 54, 561 N.E.2d 585, 599 (uninitialed absentee ballots in primary election may be counted if absentee ballots can be distinguished from in-precinct ballots and initialing requirement does not disparage the integrity of the election).) The following allegations are set forth in plaintiff's complaint:

"7. In the 1st Precinct of the Ninth Ward, not less than five (5) ballots were counted in the totals for defendant Shaw when these ballots were not properly initialed by the judges and/or defective in that they were defaced with extraneous markings. At least five (5) votes should therefore be deducted from defendant Shaw's total.

* * *

10. In the 5th Precinct of the Ninth Ward, not less than three (3) ballots were counted in the totals for defendant Shaw where these ballots were not properly initialed by a judge and/or were defective in that they were defaced with extraneous markings. Defendant Shaw's total should be reduced by three (3) votes.

* * *

12. In the 10th Precinct of the Ninth Ward, not less than two (2) ballots were counted in the totals for defendant Shaw where these ballots were not properly initialed by a judge and/or were defective in that they were defaced with extraneous markings. Defendant Shaw's vote total should be reduced by two (2) votes.

\* \* \*

15. In the 29th Precinct of the Ninth Ward, at least five (5) votes were counted in the totals for defendant Shaw where the ballots were not properly initialed by a judge and/or were defective in that they were defaced with extraneous markings. Defendant Shaw's vote total should be reduced by five (5) votes."

We find that paragraphs 7, 10, 12 and 15 of plaintiff's complaint contain sufficient factual allegations which, if proven, would establish that Shaw's vote total should be reduced by 15 votes because 15 ballots in the aforementioned precincts should not have been counted because the ballots failed to comply with the requirements prescribed by sections 17—9, 17—16, 24A—10.1 and/or 24A—15.1 of the Election Code.

Plaintiff further alleges in his complaint that a net total of 21.34 votes should be deducted from Shaw's margin of victory because the names and addresses of 72 voters do not conform with the names and addresses contained in the official register.[1] The Election Code provides that only persons whose name appears on the official register of voters shall receive a ballot. (Ill. Rev. Stat. 1989, ch. 46, pars. 17—9, 18—5 (now 10 ILCS 5/17—9, 18—5 (West 1992)).) The following allegations are set forth in plaintiff's complaint:

"8. In the 1st Precinct of the Ninth Ward, at least eight (8) voters were unlawfully permitted to vote in that their names and addresses did not conform to the name and address of a voter in the official register of voters or the judges permitted the voters to vote despite not properly completing the Challenged Voter Affidavit, which is Board of Election Form 1. 4.82 votes should be proportionally reduced from defendant Shaw's vote totals, given the result of the balloting in this precinct. Whereas 3.17 votes should be reduced from plaintiff O'Neal's vote total.

\* \* \*

11. In the 10th Precinct of the Ninth Ward, at least seven (7) persons were wrongfully permitted to vote in that the name and address on their application for ballot did not conform to the name and address of a voter in the official register of vot-

---

[1] Where a portion of the vote can be identified with certainty, the illegal votes must be apportioned in a ratio of each candidates' vote at a given precinct and reduced proportionately from the candidate's vote totals. *Jordan v. Officer* (1988), 170 Ill. App. 3d 776, 788-89, 525 N.E.2d 1067, 1074-75.

ers or the judges permitted the voter to vote despite not properly completing the Challenged Voter Affidavit, which is Board of Election Form 1. 3.70 votes should be proportionately reduced from defendant Shaw's vote total, given the result of the balloting in this precinct. 3.29 votes should be reduced from plaintiff O'Neal's vote total.

\* \* \*

16. In the 29th Precinct of the Ninth Ward, at least thirty (30) voters were unlawfully permitted to cast ballots, in that the name and address indicated on their application for ballot did not conform to the name and address of a voter in the register of voters, or the judges permitted the voter to vote despite not properly completing the challenged voter affidavit, which is Board of Election Form 1. 20.29 votes should be proportionately reduced from defendant Shaw's vote total, given the results of the balloting in this precinct. 9.71 votes should be reduced from plaintiff O'Neal's total.

17. In the 41st Precinct of the Ninth Ward, at least seven (7) voters were wrongfully permitted to vote in that the name and address on their application for ballot did not conform to the name and address of a voter in the official register of voters or the judges permitted the voter to vote despite not properly completing the Challenged Voter Affidavit, which is Board of Election Form 1. 4.57 votes should be proportionately reduced from defendant Shaw's vote total, given the results of the balloting in this precinct. 2.43 votes should be reduced from plaintiff O'Neal's total.

18. In the 45th Precinct of the Ninth Ward, at least eleven (11) voters were unlawfully permitted to vote in that the name and address on their application for ballot did not conform to the name and address of a voter in the official register of voters or the judges permitted the voters to vote despite not properly completing the Challenged Voter Affidavit, which is Board of Election Form 1. 7.14 votes should be proportionately reduced from defendant Shaw's vote total, given the result of the balloting in this precinct. 3.86 votes should be reduced from plaintiff O'Neal's total.

19. In the 50th Precinct of the Ninth Ward, at least nine (9) voters were unlawfully permitted to vote in that the name and address on their application for ballot did not conform to the name and address of a voter in the official register of voters or the judges permitted the voter to vote despite not properly

completing the Challenged Voter Affidavit, which is Board of Election Form 1. 6.14 votes should be proportionately reduced from defendant Shaw's vote total, given the result of the balloting in this precinct. 2.86 votes should be reduced from plaintiff O'Neal's total."

We find that paragraphs 8, 11, 16, 17, 18 and 19 of plaintiff's complaint contain sufficient factual allegations which, if proven, would establish that Shaw's vote total should be reduced by 46.66 votes and plaintiff's vote total should be reduced by 25.32 votes because 72 ballots in the aforementioned precincts should not have been counted because the ballots were voted in violation of sections 17—9 and/or 18—5 of the Election Code.

Plaintiff further alleges in his complaint that 4.83 votes should be deducted from Shaw's margin of victory because at least 50 ballots were improperly voted by an election judge. Voting more than once, tampering with voting machines or otherwise intentionally disregarding or violating the Election Code is statutorily prohibited. (See Ill. Rev. Stat. 1989, ch. 46, pars. 29—5, 29—7, 29—12 (now 10 ILCS 5/29—5, 29—7, 29—12 (West 1992)).) The following allegation is contained in plaintiff's complaint:

> "9. In the 5th Precinct of the 9th Ward, an election judge took approximately 50 ballots and a voting machine out of the room where voting was taking place. On information and belief, these ballots were voted in the election, after having been cast by the election judge and not by lawfully registered voters. 27.4 votes should be proportionately reduced from defendant Shaw's total, given the result of the balloting in this precinct, whereas 22.57 should be reduced from plaintiff O'Neal's vote total."

We find that paragraph 9 of plaintiff's complaint contains sufficient factual allegations which, if proven, would establish that Shaw's vote total should be reduced by 27.40 votes and plaintiff's vote total should be reduced by 22.57 votes because 50 ballots in the fifth precinct should not have been counted because the ballots were voted in violation of sections 29—5, 29—7 and/or 29—12 of the Election Code.

Plaintiff further alleges in his complaint that an absentee ballot cast for Shaw was improperly delivered to the precinct in which it was counted. The Election Code provides that an absentee ballot shall be returned by the voter who received such ballot by mail, or if more convenient, in person either by the voter or a spouse, parent, child, brother or sister of the voter, or by a company properly licensed by the State of Illinois. (Ill. Rev. Stat. 1989, ch. 46, par. 19—6 (now

10 ILCS 5/19—6 (West 1992)).) The following allegation is set forth in plaintiff's complaint:

"14. In the 18th Precinct of the Ninth Ward, a purported absentee ballot was delivered to the polling place by a precinct captain for defendant Shaw. This absentee ballot was not processed by the Board of Election Commissioners and therefore was improperly counted for defendant Shaw in the vote totals. Defendant Shaw's total should be reduced by one (1) vote."

We find that paragraph 14 of plaintiff's complaint contains sufficient factual allegations which, if proven, would establish that Shaw's vote total should be reduced by one vote because one ballot in the eighteenth precinct should not have been counted because the ballot was not properly returned to the election authority as prescribed by section 19—6 of the Election Code.

The well-pled allegations contained in plaintiff's complaint, when considered in a light most favorable to plaintiff, would establish that plaintiff received 4,816.11 correct and lawful ballots cast in the supplementary election while Shaw received 4,813.94 correct and lawful ballots. Accordingly, because the allegations of plaintiff's complaint, if proven, would demonstrate that the result of the supplementary election would have been different had the allegedly improper ballots not been counted, we hold that the trial court erred as a matter of law when it dismissed plaintiff's complaint as insufficient in law. It is therefore unnecessary to consider whether the results of the discovery recount should be incorporated into paragraph 20 of plaintiff's complaint or to address plaintiff's other contentions.

Accordingly, the order of the circuit court dismissing plaintiff's complaint is reversed, and the case is remanded for further proceedings consistent with what is stated herein.

Reversed and remanded.

CERDA, J., concurs.

PRESIDING JUSTICE TULLY, dissenting:
I must respectfully dissent from the majority's opinion as I believe the allegations set forth in O'Neal's complaint are, at best, conclusory and almost completely devoid of any factual basis.

As the majority correctly notes, "[w]here fraud is alleged, the complaint must contain specific facts from which fraud can be inferred or implied." (248 Ill. App. 3d at 634-35, citing *Vanderbilt v. Marcin* (1970), 127 Ill. App. 2d 192, 198, 262 N.E.2d 42, 45; see also *In re*

*Contest of the Election for the Offices of Governor & Lieutenant Governor Held at the General Election on November 2, 1982* (1983), 93 Ill. 2d 463, 476, 444 N.E.2d 170, 175; *Cooper v. Marcin* (1976), 44 Ill. App. 3d 918, 921, 358 N.E.2d 1218, 1220; *Cummings v. Marcin* (1973), 16 Ill. App. 3d 18, 22, 305 N.E.2d 606, 609.) For the sake of brevity, I will examine only paragraph 9 of O'Neal's complaint in light of this standard, although the same conclusions could be drawn with respect to many of the complaint's other paragraphs as well.

In paragraph 9, there are no specific factual allegations, only nebulous references to some unnamed election judge having taken a voting machine somewhere. I do not believe it to be too exacting to require a plaintiff to plead fraud with particularity and fill in the details somewhat. Who is the election judge who allegedly stole approximately 50 votes? Where did the figure of approximately 50 votes come from? Where did all this information come from? Nothing can reasonably be inferred or implied from these "facts." All that we have pled here is speculation and conjecture.

Therefore, I would affirm the judgment of the circuit court as O'Neal's complaint is insufficient in law due to its lack of specificity.