Abraham N. Geller, J.
This is a motion to dismiss the complaint pursuant to CPLR 3211 (subds. [a] and [c]) upon the ground that it fails to state a cause of action and there is no triable issue of fact.
This case, stated .to be of first impression, is for a fee of $1,750,000 claimed as the reasonable value of services rendered in causing the defeat of a proposed business transaction which, it is alleged, would have resulted in a loss to the defendant, McCrory Corporation, of $35,000,000.
McCrory on July 23, 1963 signed a contract for sale of its shares of Lerner Stores Corporation to Glen Alden Corporation, the sale being subject to approval of stockholders of both McCrory and Glen Alden. In early August, 1963 Merchants National Properties, Inc., a real estate corporation, lessor holding long-term net leases for a number of McCrory stores, bought 100 shares of McCrory. There are over 5 million McCrory shares outstanding.
Plaintiff, an attorney, was employed as a regular salaried employee of Merchants, doing nonlegal and legal work. Merchants assigned him to conduct a proxy contest for it for the purpose of defeating the proposed sale. In a soliciting letter it was stated: “The primary interest of Merchants National Properties, Inc. in McCrory Corporation is the future ability of McCrory Corporation to meet the terms of the aforesaid leases to Merchants National Properties, Inc.” In the proxy statement, as required by rule of the Securities Exchange Commission, it was stated: “All costs of this solicitation will be directly borne by Merchants National Properties, Inc.”
For .the purpose of this motion, defendant does not dispute the allegation that plaintiff performed any particular services or whether Merchant’s activities, with plaintiff’s services, were the proximate cause of the rejection by the stockholders of the proposed sale. Its motion ,to dismiss is based upon fundamental legal insufficiency of this unique claim.
There are few decisions in this branch of the law. In Steinberg v. Adams (90 F. Supp. 604, 608), involving as here a Delaware corporation, the issue was the propriety of payments made by the corporation to reimburse the expenses incurred in a policy contest by the contesting parties. The proper rule was said ,to be: “ Once we assert that incumbent directors may employ corporate funds in policy contests to advocate their views to the stockholders even if the stockholders ultimately reject their views, it seems permissible to me that those who advocate a contrary policy and succeed in securing approval from the stockholders should be able to receive reimbursement, *324 at least where there is approval by both the board of directors and a majority of the stockholders.”
In the leading case in New York on the subject, Rosenfeld v. Fairchild Engine & Airplane Corp. (309 N. Y. 168, 173), the court said: ‘ ‘ The rule then which we adopt is simply this: In a contest over policy, as compared to a purely personal power contest, corporate directors have the right to make reasonable and proper expenditures, subject to the scrutiny of the courts when duly challenged, from the corporate treasury for the purpose of persuading the stockholders of the correctness of their position and soliciting their support for policies which the directors believe, in all good faith, are in the best interests of the corporation. The stockholders, moreover, have the right to reimburse successful contestants for the reasonable and bona fide expenses incurred by them in any such policy contest, subject to like court scrutiny.”
It will be noted that .the rule is confined to the actual, reasonable and bona fide expenses of successful contestants, reimbursement of which has been made by the corporation after approval by a majority of the stockholders. The court cannot authorize or direct such payment to be made but merely determines whether the payment by the corporation after approval by a majority of the stockholders is reasonable and proper, when challenged in court by a dissenting stockholder.
This claim for a fee obviously does not qualify under the rule. Moreover, plaintiff did not render services as an attorney but as a paid employee of Merchants, which contested the sale for its own purposes. The fact, assumed for the purpose of this motion, that McCrory benefited incidentally from such services, does not impose any liability upon it.
Recognition of such a claim would bring on a multitude of unprecedented and unfounded claims against corporations. It is clear why the case is one of first impression. The motion to dismiss must be and is granted.