MARY A. LARKIN *et al.*, Plaintiffs-Appellees, *v.* MICHAEL J. HOWLETT *et al.*, Defendants-Appellants.

(No. 12270;

Fourth District—May 8, 1974.

William J. Scott, Attorney General, of Chicago (Paul J. Bargiel, Assistant Attorney General, of counsel), for appellants.

O. Kenneth Thomas, of Harvey, for appellees.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 307 (a)(1) (Ill. Rev. Stat. 1971, ch. 110A, sec. 307(a)(1)) from the granting by the circuit court of Sangamon County of a temporary injunction restraining the defendants from taking any action to terminate the employment of plaintiffs.

On March 30, 1973, plaintiffs filed a complaint the first count of which alleged that plaintiffs are "certified" employees of the Secretary of State's office who have had their employment terminated for reasons in contravention of the State Personnel Code. Furthermore, the complaint alleged that immediate and irreparable injury will be caused if their employment is terminated, and that they are without an adequate remedy at law to prevent a deprivation of their property interest in continued certified employment. Attached to the complaint were letters from the Department of Personnel to the individual plaintiffs informing them of the termination of their employment due to the expiration of their work permits and for budgetary reasons.

On March 30, 1973, the circuit court entered an order granting a temporary restraining order barring defendants from "undertaking any act terminating the employment of Plaintiff[s]." On April 3, 1973, defendants moved to dissolve the temporary restraining order and dismiss the complaint alleging that plaintiffs are temporary and not certified employees. Attached to this motion was the affidavit of the State Director of Personnel verifying the alleged temporary status of the plaintiffs. On April 18, 1973, the circuit court entered an order stating that arguments of counsel were heard and that a temporary injunction should issue restraining defendants from terminating plaintiffs' employment. It is that order from which this interlocutory appeal is taken.

On appeal the appellees did not submit briefs nor did they argue their cause before this court. The appellants have presented the following issues to this court for resolution: (1) Whether plaintiffs have a property interest to protect; (2) Whether this dispute is ripe for judicial determination; (3) Whether plaintiffs have an adequate remedy at law; (4) Whether plaintiffs are likely to succeed on the merits; and (5) Whether plaintiffs have exhausted their administrative remedies. We do not, however, deem a resolution of these issues to be necessary for a proper disposition of this cause, and we take notice of the fact that the complaint is totally defective and completely fails to state a cause of action upon which injunctive relief may be granted.

■■ It is a well-settled rule that when a complaint totally fails to state a cause of action, its insufficiency can be questioned at any time for "there is a substantial and material difference between alleging a good

cause of action in a defective manner and in stating no cause of action." (*Owens-Illinois Glass Co. v. McKibbin*, 385 Ill. 245, 52 N.E.2d 177, 180.) This court then for the first time on appeal may take cognizance of a complaint that totally fails to state a cause of action even though objections to such fatal defects were, as in the present case, not made or were only improperly made in the trial court.

The complaint for a temporary injunction must specify all the facts necessary to justify the unusual relief sought. (*County of Du Page v. Robinette*, 77 Ill.App.2d 167, 221 N.E.2d 769.) Where the preliminary injunction is predicated on the face of the complaint, the facts relied upon to warrant injunctive relief must be alleged with certainty and precision. (*Phelan v. Wright*, 54 Ill.App.2d 178, 203 N.E.2d 587; *Stenzel v. Yates*, 342 Ill.App. 435, 96 N.E.2d 813.) The complaint in the instant case is wholly devoid of any facts necessary to substantiate plaintiffs' claims that they are, in fact, certified employees, thus giving them a property interest worthy of judicial protection. The letters attached to the complaint from the Department of Personnel terminating plaintiffs' employment are silent as to plaintiffs' certified status leaving only the complaint's mere conclusions in that regard to substantiate the issuance of injunctive relief.

■■ Furthermore, to establish a cause of action for injunctive relief plaintiffs must allege facts necessary to establish that their legal remedy is inadequate and that irreparable injury will result should injunctive relief not be granted. Consequently, allegations in a complaint that are conclusionary in those respects are insufficient. (*Schlicksup Drug Co. v. Schlicksup*, 129 Ill.App.2d 181, 262 N.E.2d 713.) The complaint in the instant case contains only general allegations of irreparable injury and an inadequate legal remedy and is, therefore, entirely conclusionary and inadequate to substantiate the granting of injunctive relief.

■■ For the reasons herein stated the order of the circuit court is reversed and the cause is remanded with directions to dissolve the temporary injunction.

Reversed and remanded.

SMITH, P. J., and TRAPP, J., concur.