RICHARD D. FOLEY *et al.*, Plaintiffs-Appellants, v. SANTA FE PACIFIC CORPORATION, Defendant-Appellee.

First District (5th Division)    No. 1—92—4143

Opinion filed October 21, 1994.

Robert A. Holstein, Aron D. Robinson, and C. Corey S. Berman, all of Holstein, Mack & Klein, of Chicago, for appellants.

Paula J. Morency and Thomas W. Dimond, both of Mayer, Brown & Platt, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Plaintiffs Richard D. Foley (Foley) and Robert L. Payne (Payne) brought an action against defendant Santa Fe Pacific Corporation (Santa Fe) under the "corporate benefit" rule to recover costs and fees allegedly associated with their having inured a benefit to the defendant. Plaintiffs are two shareholders of defendant. Plaintiffs appeal the trial court's grant of judgment on the pleadings in favor of defendant.

On July 19, 1990, Foley and Payne filed a petition for an equitable award of fees and costs related to "their successful work regarding [Santa Fe's] poison pill and other shareholder proposals" which resulted in "a great benefit to Santa Fe shareholders." Plaintiffs alleged the following. With assistance from the American Employees Stock Ownership Association (AESOA), they completed and "were responsible for a significant amount of work in Santa Fe matters involving Santa Fe's adoption of a poison pill and other corporate resolutions which occurred around the time that various outside business and partnerships, including Henley Group and Olympia and York (O&Y) were making proposals to purchase Santa Fe in a tender offer situation." Plaintiffs caused a proxy battle to be waged at the 1988 annual meeting. At the May 1988 annual meeting, Foley placed before the shareholders a resolution that the Santa Fe board should redeem its previously adopted poison pill. The May 1988 shareholder proposal favored Santa Fe's redemption of its poison pill plan by a 59% majority of the votes cast and "[a]s a result of this vote, in whole or in part, Santa Fe agreed to numerous changes in its poison pill plan."

On October 10, 1990, defendant filed its answer and affirmative defenses. Defendant alleged as affirmative defenses (1) that the petition failed to state a claim upon which relief can be granted, and (2) that plaintiffs lacked standing to assert the claims set forth in the petition. Defendant's prayer for relief requested that plaintiffs' petition be dismissed with prejudice.

Thereafter, Santa Fe filed requests for document production, notices of depositions and interrogatories. On July 2, 1992, defendant filed a motion for judgment on the pleadings pursuant to section 2—615(e) of the Code of Civil Procedure (735 ILCS 5/2—615(e) (West 1992)). Defendant asserted that the Delaware Supreme Court had made clear that approval by a majority of a corporation's board of

directors or shareholders is an absolute prerequisite to a corporation's duty to reimburse a shareholder for proxy expenses. Defendant argued that plaintiffs failed to allege that a majority of either the board of directors or the shareholders of Santa Fe approved the expenditure of corporate funds to reimburse plaintiffs for their alleged fees and costs and that absent said allegation, the petition fails as a matter of law.

On July 16, 1992, plaintiffs filed a motion to strike defendant's motion for judgment on the pleadings asserting that Santa Fe's answer put material facts at issue and that Santa Fe had waived its right to pursue a judgment on the pleadings by waiting almost two years before bringing its motion.

Both defendant's motion for judgment on the pleadings and plaintiffs' motion to strike were fully briefed and then argued to the trial court on September 16, 1992. At the hearing on the motions, the trial court rejected plaintiffs' motion to strike, noting that "the defendant in this matter is accepting all well-pleaded facts as admitted and is adressing [sic] the sufficiency of the complaint." The court also rejected plaintiffs' argument that the filing of an answer by Santa Fe in some manner waived its right under section 2—615(e) to seek judgment on the pleadings.

On the section 2—615(e) motion, the court found the petition failed to include allegations essential to state a cause of action:

> "The defendant has stated and it's unrebutted that the recovery of fees and costs for shareholder activity requires approval of the board [of directors] or/and shareholders and plaintiffs have not pled *** those facts."

Citing to *Grodetsky v. McCrory Corp.* (1966), 49 Misc. 2d 322, 267 N.Y.S.2d 356, the trial court noted that it is only under limited circumstances that expenses for proxy fights or other corporate policy contests may be reimbursed from corporate funds. In rejecting plaintiffs' argument for recovery under the "corporate benefit" doctrine, the trial court referred to *Tandycrafts, Inc. v. Initio Partners* (Del. 1989), 562 A.2d 1162, and *Allied Artists Pictures Corp. v. Baron* (Del. 1980), 413 A.2d 876, and stated:

> "Again it is not approving the fees and costs—the shift in the expenses of fees and costs to the corporation for the, quote, shareholder's activity in initiating the proxy fight, but it's shifting the fees and costs for the shareholder expenses in initiating the litigation specifically.
>
> There is no 'corporate benefit' doctrine which authorizes reimbursement of shareholders for the expenses of their activities. The 'corporate benefit' doctrine authorized reimbursement of fees

and costs of litigation brought by a shareholder vis-a-vis dealing with corporate policy."

The order entered September 16, 1992, (1) denied plaintiffs' motion to strike, (2) granted defendant's motion for judgment on the pleadings, and (3) granted plaintiffs leave to amend the "identified pleading defect within 28 days."

On October 16, 1992, plaintiffs filed a motion for the entry of a final judgment wherein plaintiffs elected to stand on the complaint initially filed in the matter. Plaintiffs requested that the court make its order granting defendant's motion for judgment on the pleadings final and appealable pursuant to Illinois Supreme Court Rule 301 (134 Ill. 2d R. 301).

On October 26, 1992, the trial court entered an order entitled "Final Order" which provided:

"1. Plaintiff's Motion to Strike is denied;

2. Defendant's Motion for Judgment on the Pleadings is granted; and

3. This Order fully disposes of plaintiff's claims in the trial court."

On November 25, 1992, plaintiffs filed a notice of appeal from the September 16, 1992, order granting the defendant's motion for judgment on the pleadings and from "an order dated November 2, 1992, at which time the trial court made the September 16, 1992, order final and appealable."

Plaintiffs present two issues for review: (1) whether the trial court erred in granting the defendant's section 2—615 motion for judgment on the pleadings, and (2) whether defendant was procedurally entitled to judgment on the pleadings. For the following reasons, we affirm the decision of the trial court.

## I

Plaintiffs maintain they stated a cause of action for equitable reimbursement of fees and costs by bestowing a substantial benefit upon Santa Fe and its shareholders. Defendant maintains that the plaintiffs can only recover proxy or shareholder resolution expenses if Santa Fe's board of directors or shareholders approved reimbursement.

The Delaware Supreme Court has held that an incumbent board of directors may look to the corporation for payment of expenses incurred in soliciting proxies on a question of corporate policy. (*Hibbert v. Hollywood Park, Inc.* (Del. 1983), 457 A.2d 339, 345.) The *Hibbert* court noted, in contrast to *Grodetsky v. McCrory Corp.* (1966), 49

Misc. 2d 322, ____, 267 N.Y.S.2d 356, 358-59,[1] there was a board resolution which committed the corporation to pay the proxy expenses of any person running for election on the management slate.[2] In the present case, plaintiff did not allege corporate approval, either by a board of directors or the shareholders.

■ Delaware follows the American Rule under which, absent statutory authority or a contractual agreement to the contrary, the prevailing party in a suit is ordinarily responsible for the payment of his own legal fees.[3] (*Tandycrafts, Inc. v. Initio Partners* (1989), 562 A.2d 1162.) However, there is an exception to this rule as to actions that result in a benefit to a corporation or its stockholders. (*Tandycrafts*, 562 A.2d at 1164.) In the context of corporate litigation, a court, in its discretion, may order the payment of counsel fees and related expenses to a plaintiff whose efforts result in a creation of a common fund or a corporate benefit inuring to the benefit of the corporation or its shareholders. (*Tandycrafts*, 562 A.2d at 1164.) A party may obtain an award of attorney fees under this exception only if: (1) the action was meritorious when filed; (2) a benefit is produced in favor of the corporation or the shareholders; and (3) there is a causal connection between the litigation and the claimed benefit. *Allied Artists Picture Corp. v. Baron* (Del. 1980), 413 A.2d 876, 878.

Successful derivative or class action suits which result in the recovery of money or property wrongfully diverted from the corporation, or which result in the imposition of changes in internal operating procedures that are designed to produce such monetary savings in the future, are typically viewed as fund-creating actions. (*Tandycrafts*, 562 A.2d at 1165.) However, the definition of a corporate benefit is much more elastic as the benefit need not be measurable in economic terms.

> "Changes in corporate policy or *** a heightened level of corporate disclosure, *if attributable to the filing of a meritorious suit*, may justify an award of counsel fees." (*Tandycrafts*, 562 A.2d at 1165.)

---

[1]*Grodetsky* involved an attorney working for a nondirector shareholder who sought to recover his costs of fighting a successful proxy contest.

[2]In *Grodetsky* a Delaware corporation denied reimbursement of proxy expenses sought without shareholder or director approval. The court stated:

> "The court cannot authorize or direct such payment to be made but merely determines whether the payment by the corporation after approval by a majority of the stockholders is reasonable and proper, when challenged in court by a dissenting stockholder." *Grodetsky*, 49 Misc. 2d at 324, 267 N.Y.S.2d at 359.

[3]Santa Fe is a Delaware corporation and thus Delaware law governs this claim.

(See also *Chrysler Corp. v. Dann* (1966), 43 Del. Ch. 252, 256, 223 A.2d 384, 386; *Allied*, 413 A.2d at 878.) Once it is determined that an action benefiting the corporation chronologically followed the filing of a meritorious suit, the burden is upon the corporation to demonstrate "that the lawsuit did not in any way cause their action." *Allied*, 413 A.2d at 880; see also *Tandycrafts*, 562 A.2d at 1165.

Plaintiffs maintain they are entitled to reimbursement as a result of the "corporate benefit" rule and argue that "[t]he sole requirement under Delaware law is that the action benefiting the corporation chronologically followed the shareholder activity." Although plaintiffs cite to cases which allow for recovery where an underlying lawsuit was settled or rendered moot, they cite no cases wherein no underlying suit was filed. (See *Tandycrafts, Inc. v. Initio Partners* (Del. 1989), 562 A.2d 1162; *Sugarland Industries, Inc. v. Thomas* (Del. 1980), 420 A.2d 142.) We have found no authority for the proposition that the filing of an underlying meritorious suit is not required to maintain an action under the "corporate benefit" rule.

■ Plaintiffs' petition does not allege that plaintiffs filed any underlying claim in this matter. Absent the filing of an underlying meritorious lawsuit, there can be no suit for the recovery of fees under the "corporate benefit" rule. We find that the trial court properly found the "corporate benefit" rule inapplicable to the present case. Plaintiffs failed to allege either corporate approval or facts which would bring the case under the "corporate benefit" rule, *i.e.*, the filing of a meritorious lawsuit. As a result, plaintiffs have failed to state a cause of action for reimbursement of fees and expenses and the trial court properly granted judgment on the pleadings in favor of the defendant.

## II

■ Santa Fe filed an answer which denied many of the allegations in plaintiffs' complaint. Santa Fe also initiated discovery in the case. Plaintiffs argue Santa Fe was not entitled to judgment on the pleadings after its answer put material questions of fact at issue and after it initiated discovery on the merits of the action.

In addition, notwithstanding the fact that defendants pled that the plaintiffs' petition failed to state a claim upon which relief could be granted as an affirmative defense, the plaintiffs argue that Santa Fe's almost two-year delay in bringing its motion precluded the trial court from granting its motion.

A motion for judgment on the pleadings attacks, as a matter of law, the sufficiency of plaintiff's complaint to state a cause of action.

(*Beverly Bank v. Alsip Bank* (1982), 106 Ill. App. 3d 1012, 1015, 436 N.E.2d 598, 601.) The issue to be decided is whether sufficient facts are contained in the pleadings which if established could entitle the plaintiff to relief. (*Oravek v. Community School District 146* (1994), 264 Ill. App. 3d 895, 637 N.E.2d 554.) For the purposes of a section 2—615 motion to dismiss, we must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn from those facts while interpreting the allegations in the light most favorable to the plaintiff. (*Burdinie v. Village of Glendale Heights* (1990), 139 Ill. 2d 501, 505, 565 N.E.2d 654, 657.) The trial court's ruling clearly indicates that the trial court correctly considered all well-pled facts in the complaint as true. Neither the filing of a meritorious lawsuit nor corporate approval can be inferred by any allegations in the complaint, and plaintiffs' failure to allege either of these facts is fatal to their cause of action. Thus, the trial court properly granted judgment on the pleadings.

Section 2—615(e) of the Code of Civil Procedure provides that "[a]ny party may seasonably move for judgment on the pleadings." (735 ILCS 5/2—615(e) (West 1992).) In *Chimerofsky v. School District No. 63* (1970), 121 Ill. App. 2d 371, 374-75, 257 N.E.2d 480, 483, this court rejected the argument that an answer filed by a defendant waived the defects in the complaint and upheld a grant of judgment on the pleadings. For purposes of the motion, the defendant and the trial court accepted as true all well-pled allegations in the complaint. "The failure of a complaint to state a cause of action is a fundamental defect which may be raised at any time by any means and cannot be waived." (*Morrison v. Forest Preserve District* (1987), 155 Ill. App. 3d 687, 689, 508 N.E.2d 312, 313.) Where a complaint wholly and absolutely fails to state a cause of action, an objection may even be made to it for the first time on appeal. (*Oberman v. Byrne* (1983), 112 Ill. App. 3d 155, 159, 445 N.E.2d 374, 378.) "It is a well-settled rule that when a complaint totally fails to state a cause of action, its insufficiency can be questioned at any time for 'there is a substantial and material difference between alleging a good cause of action in a defective manner and in stating no cause of action.' " *Larkin v. Howlett* (1974), 19 Ill. App. 3d 343, 344-45, 311 N.E.2d 367, quoting *Owens-Illinois Glass Co. v. McKibbin* (1943), 385 Ill. 245, 250, 52 N.E.2d 177, 180.) Neither the fact that the defendant filed an answer, nor the fact that the motion was not brought until almost two years after the filing of the complaint precluded the trial court from granting the motion for judgment on the pleadings.

For all the reasons set forth above, we affirm the decision of the trial court.

Judgment affirmed.

McNULTY and COUSINS, JJ., concur.