FIFTH DIVISION
 FILED: 3/27/97

No. 1-96-2606

MARK CULLOTTA, a minor, by his ) APPEAL FROM THE
Grandmother and Next Friend, CYNTHIA ) CIRCUIT COURT OF
CULLOTTA, ) COOK COUNTY
 )
 Plaintiff-Appellant, )
 )
 v. )
 )
JULIE CULLOTTA, Administrator of the )
Estate of SHELLEY CULLOTTA, deceased, ) HONORABLE
 ) LORETTA C. DOUGLAS,
 Defendant-Appellee. ) JUDGE PRESIDING.

 JUSTICE HOFFMAN delivered the opinion of the court: 
 This case is before us on the plaintiff's appeal from an order
of the circuit court granting judgment on the pleadings in favor of
the defendant. The substantive issue we are called upon to decide
is whether the 1993 decision of our supreme court in Cates v.
Cates, 156 Ill. 2d 76, 619 N.E.2d 715 (1993), partially abrogating
the parent-child immunity doctrine, also gives rise to the
recognition of a cause of action on behalf of a fetus, subsequently
born alive, against the estate of his deceased mother for the
unintentional infliction of prenatal injuries. For the reasons
which follow, we answer the question in the negative, and affirm
the judgment of the circuit court.
 Cynthia Cullotta (plaintiff), on behalf of Mark Cullotta
(minor-plaintiff), a minor, brought the instant action against the
administrator of the estate of Shelley Cullotta, deceased. Shelley
Cullotta was the mother of the minor-plaintiff. In her second
amended complaint, the plaintiff charged Shelley Cullotta with
negligence in the operation of a motor vehicle, the direct and
proximate result of which caused injuries to the minor-plaintiff
who was born prematurely four days after the occurrence. The
plaintiff's second amended complaint consisted of two counts. 
Count I sought damages for personal injuries sustained by the
minor-plaintiff prior to birth and as a result of his premature
birth. Count II, based upon the same operative allegations as
count I, sought recovery for medical expenses incurred and to be
incurred by the minor-plaintiff. In response to the second amended
complaint, the defendant answered count I, moved to dismiss count
II for failure to state a cause of action, and moved for judgment
on the pleadings.
 On April 24, 1996, this case came before the trial court on
the defendant's motion for judgment on the pleadings. The court
set a briefing schedule and continued the defendant's motion for
hearing on June 14, 1996. When the matter came on for hearing on
June 14, the court granted the defendant's motion for judgment on
the pleadings relying upon the decision in Stallman v. Youngquist,
125 Ill. 2d 267, 531 N.E.2d 355 (1988), which holds that no cause
of action can be maintained by or on behalf of a fetus,
subsequently born alive, against its mother for the unintentional
infliction of prenatal injuries. This appeal followed.
 In urging reversal, the plaintiff has raised both procedural
and substantive arguments. Before addressing the substantive
issues presented, we will briefly address the plaintiff's proce-
dural claims. 
 According to the plaintiff, the trial court erred in enter-
taining the defendant's motion for judgment on the pleadings as it
was filed without leave of court more than 21 days after the
plaintiff filed her second amended complaint. She further contends
that the filing of the defendant's answer to count I of the second
amended complaint precluded the entry of judgment on the pleadings. 
We find both arguments meritless.
 A motion for judgment on the pleadings brought by a defendant
pursuant to section 2-615(e) of the Code of Civil Procedure (735
ILCS 5/2-615(e) (West 1994)) tests the legal sufficiency of the
plaintiff's complaint. The issue to be decided is whether the
facts alleged in the complaint, if proven, could entitle the
plaintiff to relief. Foley v. Santa Fe Pacific Corp., 267 Ill.
App. 3d 555, 641 N.E.2d 992 (1994). As noted in Foley, the failure
of a complaint to state a legally cognizable cause of action is
such a fundamental defect that it may be raised at any time and
cannot be waived, even by the filing of an answer. Foley, 267 Ill.
App. 3d at 561. 
 In this case, the defendant moved for judgment on the
pleadings contending that the plaintiff's second amended complaint
failed to state a recognized cause of action. Consequently, the
fact that she had answered count I and filed her motion more than
21 days after the filing of the second amended complaint is of no
moment. Further, the record fails to reflect any procedural
objection to the defendant's motion interposed by the plaintiff
before the trial court. To the contrary, the record reflects that
the plaintiff was aware that the trial court would address the
defendant's motion for judgment on the pleadings and argued the
merits of the motion. Thus, having failed to raise her procedural
objections before the trial court, the plaintiff has waived those
issues for purposes of review. D'Urso v. Wildheim, 37 Ill. App. 3d
835, 347 N.E.2d 463 (1976). 
 On the substantive issues raised in this appeal, the plaintiff
contends that: 1) the trial court erroneously construed the second
amended complaint as seeking recovery for prenatal injuries; 2)
based upon the supreme court's decision in Cates, the trial court
erred in finding that no cause of action in negligence could be
stated in favor of the minor-plaintiff against the estate of his
deceased mother; and 3) the trial court erred in dismissing count
II of the second amended complaint which sought recovery under the
Family Expense Act (750 ILCS 65/15 (West 1994)). Because we
believe that the plaintiff's second contention is at the heart of
this appeal, we will address that contention first.
 In Stallman v. Youngquist, our supreme court was called upon
to decide the question of whether a minor could maintain an action
against her mother for prenatal injuries sustained as a consequence
of her mother's negligent operation of a motor vehicle. Stallman,
125 Ill. 2d at 268-69. The Stallman court identified two issues on
appeal, namely: "the status of the parental immunity doctrine in
Illinois and the tort liability of mothers to their children for
the unintentional infliction of prenatal injuries." (Emphasis
added.) Stallman, 125 Ill. 2d at 268. After a thorough analysis
of the policy considerations implicit in the recognition of a cause
of action by a child against his or her mother for unintentionally
inflicted prenatal injuries, the supreme court held that "no cause
of action will lie for maternal prenatal negligence[.]" Stallman,
125 Ill. 2d at 280. In support of that holding, the court found
the absence of a legally cognizable duty on the part of pregnant
women to their developing fetuses, and commented that if such a
duty is to be recognized, "the decision must come from the
legislature[.]" Stallman, 125 Ill. 2d at 280. The Stallman Court
was careful to point out that its ruling on the underlying tort
liability issue made "unnecessary the consideration of the issue of
the parental immunity doctrine." Stallman, 125 Ill. 2d at 271. 
 In Cates v. Cates, decided five years after Stallman, the
supreme court, in the context of an automobile negligence action
brought on behalf of a minor child against her father, addressed
the continued viability of the parental immunity doctrine in
Illinois. Cates, 156 Ill. 2d 76. The Cates court referenced its
earlier decision in Stallman wherein it had before it the
application of the parental immunity doctrine in an automobile
negligence action, but reiterated that in Stallman "'it [was]
unnecessary' for the court 'to reach the issue concerning the
status of the parental immunity doctrine'". Cates, 156 Ill. 2d at
84-85, quoting Stallman, 125 Ill. 2d at 269. After examining the
evolution of the parental immunity doctrine in Illinois and other
jurisdictions, our supreme court partially abrogated the doctrine,
holding that "the immunity should afford protection [only] to
conduct inherent to the parent-child relationship" (Cates, 156 Ill.
2d at 104), and concluding that "the negligent operation of an
automobile is not conduct inherent to the parent-child
relationship" (Cates, 156 Ill. 2d at 106). The Cates court also
held that in circumstances where the parent-child relationship is
dissolved by death, parental immunity will not be applied. Cates,
156 Ill. 2d at 93, 99. 
 Relying on Cates, the plaintiff argues that Shelley Cullotta
owed the minor-plaintiff a duty to exercise reasonable care in the
operation of her motor vehicle, conduct not inherent to the parent-
child relationship. She further contends that her second amended
complaint states facts establishing a breach of that duty and
injuries to the minor-plaintiff proximately resulting from that
breach, and concludes that a good and sufficient cause of action in
negligence was stated. In a related argument, the plaintiff states
that the death of Shelley Cullotta negates the policy
considerations underlying Stallman. We believe that the
plaintiff's arguments in this regard demonstrate a fundamental
misunderstanding of the distinction between the ability to state a
cause of action in the first instance and the effect of an immunity
on an otherwise well stated cause of action. 
 It is not enough for a plaintiff in a negligence action to
show that he was injured as a consequence of the defendant's
failure to act in a reasonable manner. The plaintiff must plead
and prove that his injury resulted from the breach of a duty of
care owed to him by the defendant. Fancil v. Q.S.E. Foods, Inc. 60
Ill. 2d 552, 328 N.E.2d 538 (1975). Duty is a legally imposed
obligation to conform to a certain standard of conduct for the
protection of another against an unreasonable risk of harm (O'Hara
v. Holy Cross Hospital, 137 Ill. 2d 332, 337, 561 N.E.2d 18
(1990)), the existence and scope of which is a question of law to
be determined by the court (Barnes v. Washington, 56 Ill. 2d 22,
305 N.E.2d 535 (1973)). When under the facts as pled, no duty of
care is owed by the plaintiff to the defendant, no cause of action
is stated. Pelham v. Griesheimer, 92 Ill. 2d 13, 24, 440 N.E.2d 96
(1982). The existence of a recognized immunity, on the other hand,
does not destroy a cause of action; rather, it affords the
tortfeasor a defense which bars recovery. Allstate Insurance Co.
v. Elkins, 77 Ill. 2d 384, 389-90, 396 N.E.2d 528 (1979). Put
another way, the existence of an immunity does not mean that
conduct which would amount to a tort on the part of another is not
still equally tortious in character; it merely means that for the
protection of the particular defendant, or of the interests which
he or she represents, no recovery may be had. The existence of a
legally recognized duty is a prerequisite to the very existence of
a cause of action; whereas, the existence of an immunity merely
affords a tortfeasor an affirmative defense to a plaintiff's right
to recovery. 
 In the case at bar, the defendant's motion for judgment on the
pleadings was premised on the argument that the plaintiff's second
amended complaint failed to state a cause of action for negligence
due to the total absence of any legal duty owed by Shelley Cullotta
to the minor-plaintiff. Nowhere in her motion did the defendant
raise parental immunity. There is no question from the facts
alleged by the plaintiff that the occurrence giving rise to this
action took place some four days prior to the birth of the minor-
plaintiff. Thus, the question becomes whether, four days prior to
the birth of the minor-plaintiff, his mother owed him a legal duty
to act reasonably in the operation of a motor vehicle. 
 The plaintiff's reliance upon Cates in support of her position
on this inquiry is misplaced. In Cates, the supreme court
addressed the application of the parental immunity doctrine;
whereas, in Stallman, the issue was the very existence of a cause
of action. The question of the application of the parental
immunity doctrine is "a separate question from that of recognizing
a cause of action by a fetus, subsequently born alive, against its
mother for the unintentional infliction of prenatal injuries." 
Stallman, 125 Ill. 2d at 274. Clearly and without equivocation,
the supreme court in Stallman held that no legally cognizable duty
is owed on the part of a pregnant woman to exercise reasonable care
to avoid inflicting unintentional harm upon her developing fetus. 
Stallman, 125 Ill. 2d at 275-280. Consequently, no cause of action
can be stated for maternal prenatal negligence. Stallman, 125 Ill.
2d at 280. The Cates court neither addressed the issue decided in
Stallman nor, either explicitly or implicitly, retreated from its
holding.
 We must also reject the plaintiff's contention that the death
of Shelley Cullotta somehow renders viable a negligence action
against her estate for unintentional prenatal harm to the minor-
plaintiff. 
 The question of the existence of a legal duty arising out of
the relationship between the parties is a threshold issue that
precedes consideration of the elements of breach and causation in
a negligence claim. M. Polelle & B. Ottley, Illinois Tort Law
14.02 at 14-4 (2d ed. 1994). The existence of a legal duty
sufficient to support a tort claim is determined at the time of the
action giving rise to the claim. See Zimmermann v. Netemeyer, 122
Ill. App. 3d 1042, 1048, 462 N.E.2d 502 (1984). A duty to protect
against the foreseeable risk of harm to another either exists at
the time of the occurrence, or it does not exist at all. We know
of no case which has relied upon post-occurrence events to
determine the existence of a legal duty, nor has the plaintiff
cited to any such case. To be sure, Cates does, as the plaintiff
argues, stand for the proposition that the parental immunity
doctrine will not act to bar an action in circumstances where the
parent-child relationship has been dissolved by death (Cates, 156
Ill. 2d at 93, 99); but, Cates does not support the notion that the
subsequent death of a parent justifies the imposition of a duty
sufficient to support liability in tort when none existed at the
time of the injury causing conduct. Thus, having found that under
the circumstances alleged in this case no legal duty was owed to
the minor-plaintiff by his mother, her subsequent death did not
give rise to a negligence action against her estate. 
 Next, the plaintiff claims that trial court erroneously
construed her second amended complaint as seeking recovery for
prenatal injuries suffered by the minor-plaintiff. She argues that
his injuries were not prenatal, but were injuries sustained as a
consequence of his premature birth. We, however, fail to see the
distinction that the plaintiff attempts to draw. If, as we have
already held, no legally cognizable duty was owed to the minor-
plaintiff by his mother at the time of the occurrence giving rise
to this action, then the fact that the minor-plaintiff was injured
as a result of that occurrence, either at the time of the
occurrence or as a consequence of his premature birth brought on by
the occurrence, is irrelevant, as causation is an element which
only becomes operative if a legal duty is breached (Renslow v.
Mennonite Hospital, 67 Ill. 2d 348, 368, 367 N.E.2d 1250 (1977)
(Dooley, J. , concurring)) and which, standing alone, cannot result
in the recognition of a duty (Stallman, 125 Ill. 2d at 277).
 Lastly, the plaintiff argues that count II of her second
amended complaint, seeking recovery for medical expenses incurred
and to be incurred by the minor-plaintiff, stated a good and
sufficient cause of action. Again, we disagree.
 Assuming for the sake of analysis, but certainly not holding,
that a minor possess a right to recover for medical expenses
incurred and to be incurred on his behalf (see Estate of Hammond v.
Aetna Life & Casualty Co, 141 Ill. App. 3d 963, 491 N.E.2d 84
(1986); Bibby v. Meyer, 60 Ill. App. 2d 156, 208 N.E.2d 367
(1965)), such a recovery would merely be as an element of damage in
the minor's tort action against the one causing the injury which
necessitated his subsequent medical treatment. It follows that, if
a defendant cannot be held liable in tort to the minor, neither can
the defendant be liable for his medical expenses. The plaintiff,
however, seems to argue that the minor-plaintiff possesses some
right of recovery against the estate of his mother for medical
expenses pursuant to the Family Expense Act (Act) (750 ILCS 65/15
(West 1994)). Her reasoning in this regard escapes us. 
 The only direct action created pursuant to the provisions of
the Act is one in favor of creditors against both a husband and a
wife for family expenses. 750 ILCS 65/15 (West 1994). However,
because the Act renders parents liable for the medical expenses of
their minor children, parents can maintain a cause of action
against a tortfeasor who injures their child for the recovery of
resultant medical expenses. Graul v. Adrian, 32 Ill. 2d 345, 205
N.E.2d 444 (1965). Such actions on the part of a parent are
considered derivative in nature, as they arise out of the injury to
another. Dewey v. Zack, 272 Ill. App. 3d 742, 651 N.E.2d 643
(1995). Since a parent's action under such circumstances is
derivative, if a defendant is not liable in tort for the underlying
injury to the child, the defendant cannot be held liable to the
child's parent for the payment of medical expenses. Even if count
II of the plaintiff's second amended complaint had alleged an
assignment to the minor-plaintiff of his parents' right to recover
for medical expenses necessitated by his injuries, which it did
not, any action brought upon such an assignment would be
circumscribed by his parents' right of recovery (Curtis v.
Womeldorff, 145 Ill. App. 3d 1006, 496 N.E.2d 500 (1986); Estate of
Hammond, 141 Ill. App. 3d at 966-7), which in this case was
nonexistent. Consequently, whether the plaintiff chooses to
characterize count II of her second amended complaint as a direct
action in negligence on the part of the minor-plaintiff for the
recovery of medical expenses, a direct action on the part of the
minor-plaintiff under the Act or an action on the part of the
minor-plaintiff as assignee of his father, the result is the same;
it fails to allege a cause of action upon which relief could be
granted. 
 The judgment of the circuit court is affirmed.
 Affirmed.
 HARTMAN and SOUTH, JJ., concur.