CHARLES R. LABATE, Plaintiff-Appellee, v. DATA FORMS, INC., *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—96—2668

Opinion filed May 22, 1997.

Kevin R. Krantz, of Darnall, Polachek & Associates, of Addison, for appellants.

Donald J. Parker, of Donald J. Parker, Ltd., of Downers Grove, for appellee.

PRESIDING JUSTICE WOLFSON delivered the opinion of the court:

After being found liable by a jury, can a defendant challenge the sufficiency of the plaintiff's complaint? Ordinarily, no. On occasion, yes. In this case, where the plaintiff claimed tortious interference with his business expectation with a third party, the answer is no.

FACTS

Plaintiff Charles Labate (Labate) alleged that his application for a purchase money mortgage was denied because Charles Thomas (Thomas), president of Data Forms, refused to verify Labate's past employment with Data Forms to a prospective lender. Labate alleged that Data Forms' refusal to supply this basic information was done with malicious intent, knowing that without this information the bank's approval of the mortgage would be denied.

The trial court found that Labate's complaint stated a cause of action and denied defendants' section 2—615 motion for dismissal. 735 ILCS 5/2—615 (West 1994). After discovery was exchanged and depositions were taken, defendants filed a motion for summary judgment. Again, the question was whether the facts stated a cause of action for intentional interference with a prospective business expectation.

The trial court maintained that a cause of action was stated and denied the motion. The case went to trial and a jury entered judgment in favor of Labate.

On appeal, no issues are raised regarding the sufficiency of the evidence at trial. A transcript of the trial is not before the court. Instead, defendants again question the sufficiency of the pleadings. They ask this court to decide whether a cause of action for intentional, tortious interference with a prospective business expectation was stated. Defendants ask us to reverse the judgment entered and grant judgment in their favor, finding that the trial court erred when it denied the motions for dismissal and for summary judgment. We affirm.

DECISION

Since the matter went to trial and Labate won a judgment in his

favor, we first consider whether defendants' challenge to the pleadings and the trial court's denial of summary judgment, at this juncture, are properly before this court. If they are not, that is the end of the matter.

■ In general, when a motion for summary judgment is denied and the case proceeds to trial, the order denying the motion for summary judgment merges with the judgment entered and is not appealable. *Battles v. La Salle National Bank*, 240 Ill. App. 3d 550, 608 N.E.2d 438 (1992). But where the issue raised in the summary judgment motion is one of law and would not be before the jury at trial, the order denying the motion does not merge and may be reviewed by the appellate court. *Walters v. Yellow Cab Co.*, 273 Ill. App. 3d 729, 653 N.E.2d 785 (1995).

■ Also, when a motion to dismiss is denied and defendant files an answer, the defendant, generally, is held to have waived any defects in the pleading. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 60, 645 N.E.2d 888 (1994). An important corollary to the waiver principle—aider by verdict—provides that when a defendant allows an action to proceed to verdict, the verdict will cure all formal and purely technical defects or clerical errors, as well as "any defect in failing to allege or in alleging defectively or imperfectly any substantial facts which are essential to a right of action." *Adcock*, 164 Ill. 2d at 60-61; *Lasko v. Meier*, 394 Ill. 71, 73-74, 67 N.E.2d 162 (1946).

There is an exception to the doctrine of aider by verdict, however. In *Lasko*, 394 Ill. at 74-75, the court said:

"The rule is *** that if the declaration omits to allege any substantial fact which is essential to a right of action, and which is not implied in or inferable from the finding of those which are alleged, a verdict for the plaintiff does not cure the defect. The question whether a complaint discloses a cause of action is always open to consideration in a court of review. There is a substantial and material difference between a complaint which alleges no cause of action and which may be questioned at any time and one which defectively or imperfectly alleges a cause of action and is good after verdict." (Emphasis omitted.)

If a complaint totally fails to a state of cause of action, its sufficiency can be questioned at any time, even if raised for the first time on appeal. *Larkin v. Howlett*, 19 Ill. App. 3d 343, 311 N.E.2d 367 (1974).

But, from a post-verdict viewpoint, what does it mean to fail to state a cause of action? How do we now differentiate between a defectively or imperfectly stated cause of action and a complete failure to state a cause of action?

In *Adcock*, the court explained:

"[The] exception applies only when a complaint fails to state a *recognized cause of action*. The exception does not apply where the complaint states a recognized cause of action, but contains an incomplete or otherwise insufficient statement of that cause of action.

Stated more succinctly, courts draw a distinction between a complaint that alleges no cause of action, which may be challenged at any time, and one which defectively or imperfectly alleges a cause of action." (Emphasis added.) *Adcock*, 164 Ill. 2d at 61-62.

It is not always easy to know whether a defendant's post-verdict challenge to the plaintiff's complaint for failure to state a cause of action is reviewable on appeal. As a matter of policy, in the interests of finality, post-verdict review of a complaint should not be a common occurrence.

We believe the supreme court in *Adcock* was trying to limit the scope of appeal that was suggested in *Lasko v. Meier*. *Adcock* involved a claim of civil conspiracy. And civil conspiracy, said the court, "is a recognized cause of action in this State." *Adcock*, 164 Ill. 2d at 65. Having said that, the court then refused to consider Owens-Corning's claim that the judgment against it must be reversed because Adcock's complaint failed to allege "any substantial facts which are essential to a civil conspiracy cause of action." *Adcock*, 164 Ill. 2d at 61.

Factual deficiency, then, even where "substantial," is not enough to overcome the doctrine of aider by verdict. On the other hand, we do not believe the supreme court was suggesting that merely labeling a complaint with the name of some recognized cause of action is enough to bar any post-verdict review, no matter how legally deficient that complaint might be. There must be some principled line between a complaint that states no cause of action and one that defectively or imperfectly alleges a cause of action. It seems to us where the complaint, whether based on statute or common law, sets out or implies the elements of the action, it is immune from post-verdict attack. The defendant, after losing at trial, should not be able to revisit a near miss in the pleading.

In this case, Data Forms does not complain about a factual deficiency. It contends the complaint was not merely imperfectly or defectively crafted, but that the cause of action does not exist at all because an essential element of it—the duty to perform the act requested—was neither pled nor inferable from the allegations of the complaint.

In order to determine whether Data Forms has an appeal, we

inquire into the elements of the tort at issue and the allegations of it in plaintiff's complaint.

■ To set out a claim for tortious interference with a prospective business expectancy, a plaintiff must allege (1) plaintiff's reasonable expectation of entering into a valid business relationship with a third party, (2) defendant's knowledge of the plaintiff's expectancy, (3) purposeful interference by the defendant that prevents the plaintiff's legitimate expectancy from ripening into a valid business relationship with that third party, and (4) damages to the plaintiff resulting from the interference. *River Park, Inc. v. City of Highland Park*, 281 Ill. App. 3d 154, 667 N.E.2d 425 (1996); *OnTap Premium Quality Waters, Inc. v. Bank of Northern Illinois, N.A.*, 262 Ill. App. 3d 254, 634 N.E.2d 425 (1994).

The record shows that plaintiff alleged each of the elements of a tortious interference case. The allegations made by plaintiff, which defendants necessarily accept as true during the motion stage, are: (1) that the plaintiff's application for a purchase money mortgage was denied by the lending establishment based solely on defendants' refusal to supply verification of past employment; (2) that defendants were aware that plaintiff's loan approval was contingent on obtaining the employment verification; (3) that defendants, with admitted malicious intent to prevent plaintiff from obtaining the loan, refused to provide the necessary information; and (4) that plaintiff, having been denied the purchase money mortgage, was forced to pay "points" to obtain a different mortgage at a higher interest rate from a lender that did not require the employment verification.

■ Since plaintiff's complaint set forth facts that would establish every element of a tortious interference cause of action, we decline to review the trial court's refusal to dismiss the complaint or grant summary judgment. In no case have we found that a fifth element—duty to perform (or not perform) the underlying act—is required before it can be said that a tortious interference cause of action is stated. As the court said in *Rueben H. Donnelley Corp. v. Brauer*, 275 Ill. App. 3d 300, 313, 655 N.E.2d 1162 (1995), "The interest protected in a tortious interference case is the reasonable expectation of economic advantage." The "duty," therefore, is to refrain from intentionally interfering with that expectation, not the performance of the underlying action.

Plaintiff's cause of action was grounded on defendants' intentional and unjustified refusal to supply past employment information that was imperative for the realization of his business expectation, a purchase money mortgage. See *Rueben H. Donnelley Corp.*, 275 Ill. App. 3d at 312 ("malice" in the context of interference cases means

intentional and without justification; justification is an affirmative defense that must be pleaded and proved by defendant).

Plaintiff alleged, and the affidavits and depositions in the record support the allegations, that Data Forms refused to verify Labate's past employment and confirm his dates of service in retaliation for Labate's having left the company.

It is clear from the record that Data Forms was aware that its refusal to provide the information would prevent Labate from obtaining the mortgage. In fact, that was the purpose of the refusal. Deliberate refusal can be purposeful.

Under these conditions, Labate alleged enough to state a cause of action for intentional interference with a business expectancy. Our conclusion is confined to the specific allegations of "purposeful interference" presented in this case. It should not be read as an intent to create a broad duty of employers to respond to requests for verification in every instance.

## CONCLUSION

For the reasons stated, we affirm the judgment entered in plaintiff's favor, and we find the trial court's rulings on the motion to dismiss and the motion for summary judgment are foreclosed from review.

Affirmed.

McNAMARA and BURKE, JJ., concur.