Fourth Division
 May 22, 1997









No. 1-96-2668

CHARLES R. LABATE, ) APPEAL FROM THE
 ) CIRCUIT COURT OF
 Plaintiff-Appellee, ) COOK COUNTY.
 )
 v. )
 )
DATA FORMS, INC. and CHARLES )
S. THOMAS, individually, ) HONORABLE
 ) PADDY H. McNAMARA,
 Defendants-Appellants. ) JUDGE PRESIDING.


 PRESIDING JUSTICE WOLFSON delivered the opinion of the 

court:

 After being found liable by a jury, can a defendant
challenge the sufficiency of the plaintiff's complaint? 
Ordinarily, no. On occasion, yes. In this case, where the
plaintiff claimed tortious interference with his business
expectation with a third party, the answer is no.
FACTS
 Plaintiff Charles Labate (Labate) alleged that his
application for a purchase money mortgage was denied because
Charles Thomas (Thomas), president of Data Forms, refused to
verify Labate's past employment with Data Forms to a prospective
lender. Labate alleged that Data Forms' refusal to supply this
basic information was done with malicious intent, knowing that
without this information the bank's approval of the mortgage
would be denied.
 The trial court found that Labate's complaint stated a cause
of action and denied defendants' section 2-615 motion for
dismissal. After discovery was exchanged and depositions were
taken, defendants filed a motion for summary judgment. Again,
the question was whether the facts stated a cause of action for
intentional interference with a prospective business expectation.
 The trial court maintained that a cause of action was stated
and denied the motion. The case went to trial and a jury entered
judgment in favor of Labate.
 On appeal, no issues are raised regarding the sufficiency of
the evidence at trial. A transcript of the trial is not before
the court. Instead, defendants again question the sufficiency of
the pleadings. They ask this court to decide whether a cause of
action for intentional, tortious interference with a prospective
business expectation was stated. Defendants ask us to reverse
the judgment entered and grant judgment in their favor, finding
that the trial court erred when it denied the motions for
dismissal and for summary judgment. We affirm.
DECISION
 Since the matter went to trial and Labate won a judgment in
his favor, we first consider whether defendants' challenge to the
pleadings and the trial court's denial of summary judgment, at
this juncture, are properly before this court. If they are not,
that is the end of the matter.
 In general, when a motion for summary judgment is denied and
the case proceeds to trial, the order denying the motion for
summary judgment merges with the judgment entered and is not
appealable. Battles v. La Salle National Bank, 240 Ill. App. 3d
550, 608 N.E.2d 438 (1992). But where the issue raised in the
summary judgment motion is one of law and would not be before the
jury at trial, the order denying the motion does not merge and
may be reviewed by the appellate court. Walters v. Yellow Cab
Co., 273 Ill. App. 3d 729, 653 N.E.2d 785 (1995).
 Also, when a motion to dismiss is denied and defendant files
an answer, the defendant, generally, is held to have waived any
defects in the pleading. Adcock v. Brakegate, Ltd., 164 Ill. 2d
54, 60, 645 N.E.2d 888 (1994). An important corollary to the
waiver principle -- aider by verdict -- provides that when a
defendant allows an action to proceed to verdict, the verdict
will cure all formal and purely technical defects or clerical
errors, as well as "any defect in failing to allege or alleging
defectively or imperfectly any substantial facts which are
essential to a right of action." Adcock, 164 Ill. 2d at 60-61;
Lasko v. Meier, 394 Ill. 71, 73-74, 67 N.E.2d 162 (1946).
 There is an exception to the doctrine of aider by verdict,
however. In Lasko, 394 Ill. at 74-75, the court said:
 "The rule is ... that if the declaration omits to
 allege any substantial fact which is essential to a
 right of action, and which is not implied in or
 inferable from the finding of those which are alleged,
 a verdict for the plaintiff does not cure the defect. 
 The question of whether a complaint discloses a cause
 of action is always open to consideration in a court of
 review. There is a substantial and material difference
 between a complaint which alleges no cause of action
 and which may be questioned at any time and one which
 defectively or imperfectly alleges a cause of action
 and is good after verdict."
 If a complaint totally fails to a state of cause of action,
its sufficiency can be questioned at any time, even if raised for
the first time on appeal. Larkin v. Howlett, 19 Ill. App. 3d
343, 311 N.E.2d 367 (1974).
 But, from a post-verdict viewpoint, what does it mean to
fail to state a cause of action? How do we now differentiate
between a defectively or imperfectly stated cause of action and a
complete failure to state a cause of action?
 In Adcock, the court explained:
 "[The] exception applies only when a complaint
 fails to state a recognized cause of action. The
 exception does not apply where the complaint states a
 recognized cause of action, but contains an incomplete
 or otherwise insufficient statement of that cause of
 action. Stated more succinctly, courts draw a
 distinction between a complaint that alleges no cause
 of action, which may be challenged at any time, and
 one which defectively or imperfectly alleges a cause
 of action." Adcock, 164 Ill. 2d at 61-62.
 (Emphasis added.)
 It is not always easy to know whether a defendant's post-
verdict challenge to the plaintiff's complaint for failure to
state a cause of action is reviewable on appeal. As a matter of
policy, in the interests of finality, post-verdict review of a
complaint should not be a common occurrence.
 We believe the Supreme Court in Adcock was trying to limit
the scope of appeal that was suggested in Lasko v. Meier. Adcock
involved a claim of civil conspiracy. And civil conspiracy, said
the court, "is a recognized cause of action in this State." 
Adcock, 164 Ill. 2d at 65. Having said that, the Court then
refused to consider Owens-Corning's claim that the judgment
against it must be reversed because Adcock's complaint failed to
allege "any substantial facts which are essential to a civil
conspiracy action." Adcock, 164 Ill. 2d at 61.
 Factual deficiency, then, even where "substantial," is not
enough to overcome the doctrine of aider by verdict. On the
other hand, we do not believe the Supreme Court was suggesting
that merely labeling a complaint with the name of some recognized
cause of action is enough to bar any post-verdict review, no
matter how legally deficient that complaint might be. There must
be some principled line between a complaint that states no cause
of action and one that defectively or imperfectly alleges a cause
of action. It seems to us where the complaint, whether based on
statute or common law, sets out or infers the elements of the
action, it is immune from post-verdict attack. The defendant,
after losing at trial, should not be able to revisit a near miss
in the pleading.
 In this case, Data Forms does not complain about a factual
deficiency. It contends the complaint was not merely imperfectly
or defectively crafted, but that the cause of action does not
exist at all because an essential element of it -- the duty to
perform the act requested -- was neither pled nor inferable from
the allegations of the complaint.
 In order to determine whether Data Forms has an appeal, we
inquire into the elements of the tort at issue and the
allegations of it in plaintiff's complaint.
 To set out a claim for tortious interference with a
prospective business expectancy, a plaintiff must allege (1)
plaintiff's reasonable expectation of entering into a valid
business relationship with a third party, (2) defendant's
knowledge of the plaintiff's expectancy, (3) purposeful
interference by the defendant that prevents the plaintiff's
legitimate expectancy from ripening into a valid business
relationship with that third party, and (4) damages to the
plaintiff resulting from the interference. River Park, Inc.,
Spatz & Co., Country Club Estates, Ltd. v. City of Highland Park,
281 Ill. App. 3d 154, 667 N.E.2d 425 (1996); OnTap Premium
Quality Waters, Inc. v. Bank of Northern Illinois, N.A., 262 Ill.
App. 3d 254, 634 N.E.2d 425 (1994). 
 The record shows that plaintiff alleged each of the elements
of a tortious interference case. The allegations made by
plaintiff, which defendants necessarily accept as true during the
motion stage, are: (1) that the plaintiff's application for a
purchase money mortgage was denied by the lending establishment
based solely on defendants' refusal to supply verification of
past employment; (2) that defendants were aware that plaintiff's
loan approval was contingent on obtaining the employment
verification; (3) that defendants, with admitted malicious intent
to prevent plaintiff from obtaining the loan, refused to provide
the necessary information; and (4) that plaintiff, having been
denied the purchase money mortgage, was forced to pay "points" to
obtain a different mortgage at a higher interest rate from a
lender who did not require the employment verification.
 Since plaintiff's complaint set forth facts that would
establish every element of a tortious interference cause of
action, we decline to review the trial court's refusal to dismiss
the complaint or grant summary judgment. In no case have we
found that a fifth element -- duty to perform (or not perform)
the underlying act -- is required before it can be said that a
tortious interference cause of action is stated. As the court
said in Rueben H. Donnelly Corp. v. Brauer, 275 Ill. App. 3d 300,
313, 655 N.E.2d 1162 (1995), "The interest protected by a
tortious interference case is the reasonable expectation of an
economic advantage." The "duty," therefore, is to refrain from
intentionally interfering with that expectation, not the
performance of the underlying action.
 Plaintiff's cause of action was grounded on defendants'
intentional and unjustified refusal to supply past employment
information that was imperative for the realization of his
business expectation, a purchase money mortgage. See Rueben H.
Donnelly Corp., 275 Ill. App. 3d at 312 ("malice" in the context
of interference cases means intentional and without
justification; justification is an affirmative defense that must
be pleaded and proved by defendant). 
 Plaintiff alleged, and the affidavits and depositions in the
record support the allegations, that Data Forms refused to verify
Labate's past employment and confirm his dates of service in
retaliation for Labate having left the company. 
 It is clear from the record that Data Forms was aware that
its refusal to provide the information would prevent Labate from
obtaining the mortgage. In fact, that was the purpose of the
refusal. Deliberate refusal can be purposeful. 
 Under these conditions, Labate alleged enough to state a
cause of action for intentional interference with a business
expectancy. Our conclusion is confined to the specific
allegations of "purposeful interference" presented in this case. 
It should not be read as an intent to create a broad duty of
employers to respond to requests for verification in every
instance.
 CONCLUSION
 For the reasons stated, we affirm the judgment entered in
plaintiff's favor, and we find the trial court's rulings on the
motion to dismiss and the motion for summary judgment are
foreclosed from review.
 AFFIRMED.
 McNAMARA and BURKE, JJ., concur.